[Cite as *Erwin v. Wanda E. Wise Revocable Trust*, 2013-Ohio-952.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

CARY ERWIN, et al., : Case No. 12CA3501
:
Plaintiffs-Appellants, :
:
v. : DECISION AND
: JUDGMENT ENTRY
:
WANDA E. WISE REVOCABLE TRUST, et al., :
: **RELEASED 03/04/13**
:
Defendants-Appellees. :
_____
APPEARANCES:

Robert A. Cassity, Alexandria, VA, for appellants.

Stephen C. Rodeheffer, Portsmouth, OH, for appellees.
_____
Harsha, J.

{¶1}    Cary Erwin and his wife Alicia ("the Erwins") appeal the trial court's decision to grant Wanda Wise, the Wanda E. Wise Revocable Trust, and Gary Erwin summary judgment on the Erwins' claims against them. The Erwins contend that Wise (Cary's mother) orally promised that if the couple moved from California to care for her and manage her trailer park, she would give the property to them when she died.[1] After the Erwins moved to Ohio and began to fulfill their end of the bargain, Wise transferred the property to her revocable trust. The Erwins filed this action several years later when the trust listed the property for sale. The trial court dismissed the Erwins' claims after finding they were: 1.) barred by R.C. 2107.04, which requires that an agreement to

---

[1] The exact terms of this alleged oral agreement are unclear. For instance, in their complaint and affidavits, the Erwins suggest Wise agreed to give them both the entire property when she died. However, at his deposition, Cary claimed that he was to get free rent and utilities at the park while Wise was alive, and he would only get half the property and the right to live in the house on the property when she died. His brother Gary was supposed to receive the other half of the property and the right to live in Wise's trailer but not the house.
.

make a bequest or devise by will be in writing; and 2.) were filed outside the applicable statute of limitations.

{¶2}   The Erwins claim the doctrine of part performance and the "family member exception" render R.C. 2107.04 inoperative in an action to enforce an oral agreement to make a devise of real estate by will. However, because there are no exceptions to the statutory rule, such an agreement is not enforceable under any circumstances unless it is in writing. Therefore, we reject their argument.

{¶3}   The Erwins suggest that R.C. 2107.04 does not apply to quantum meruit claims. However, they failed to assign that issue as error or provide any argument in support of their position. Therefore, we reject this argument summarily under the appellate rules. And because we affirm the court's finding that R.C. 2107.04 bars the Erwins' claims, the Erwins' additional arguments that their claims were filed within the applicable statute of limitations and that summary judgment evidence supports the elements of their quantum meruit claims are moot.

## I.  Facts

{¶4}   In May 2011, the Erwins filed suit against Wise, the Wanda E. Wise Revocable Trust, and Gary Erwin. The Erwins alleged they moved to Ohio in September 2001 "at the request of * * * Wise who requested that the Plaintiffs move to care for her and manage her property and the property owned by the Wanda E. Wise Revocable Trust." (Compl. ¶ 8.) They claimed that Wise promised to "bequeath the property located at 4546 Old Scioto Trail, Portsmouth, OH" to them "in return for their moving to the property to care for her and manage the property * * *." (Compl. ¶ 9.) The Erwins alleged that they left "valuable careers and other assets in California."

(Compl. ¶ 10.) They cared for Wise approximately 10 years and cared for and managed the property, which contained a trailer park. The Erwins claimed they also made "significant improvements to the property" and contributed "vast amounts of labor" based on Wise's promise. (Compl. ¶ 13.) They alleged that Wise broke her promise by listing the property for sale around March 2011. The Erwins alleged causes of action for: 1.) breach of an oral contract against Wise; 2.) quantum meruit against Wise and the trust; 3.) promissory estoppel against Wise; 4.) fraud against Wise; and 5.) tortious interference with contract against Gary, for allegedly persuading Wise to breach her contract with the Erwins.

{¶5} The defendants filed a motion for summary judgment. They argued that the Erwins' claims were barred by R.C. 2704.04, which the defendants referred to as the "Statute of Frauds." In addition, they argued that the Erwins' claims for breach of contract, quantum meruit, and promissory estoppel were barred by the statute of limitations in R.C. 2305.07. The defendants also claimed that Alicia lacked standing. In response, the Erwins argued in part that R.C. 2704.04 did not apply because of the doctrine of part performance and the "family exception doctrine."

{¶6} The trial court granted the motion for summary judgment, finding:

> The Court having reviewed the entire file herein finds that Plaintiff's [sic] actions are barred by the statute of frauds. The Court finds further that it [sic] is barred by the statute of limitations for oral contracts. Inasmuch as pursuant to section 2107.04 (No agreement to make a will, or to make a devise or bequest by will shall be enforceable unless it is in writing. The agreement shall be signed by the maker or by some other person at the maker's express direction. If signed by a person other than the maker, the instrument shall be subscribed by two or more competent witnesses who heard the maker acknowledge that it was signed in the maker's direction.)
>
> The Court finds this has not happened in this matter and therefore

finds Defendant's [sic] motion to be well taken and therefore sustained. This matter is hereby being dismissed.  * * *

**{¶7}** This appeal followed.

## II.  Assignments of Error

**{¶8}** The Erwins assign the following errors for our review:

**I.      The Trial Court Erred in finding the [Appellants'] claims were barred by the Statute of Limitations.**

**II.     The Trial Court Erred in finding the [Appellants'] claims were barred by the Statute of Frauds.**

**III.    The Trial Court Erred in failing to consider [Appellants'] non-contractual claims.**

**{¶9}** In their brief, the Appellees attempt to raise the following "cross-assignment of error":

> **THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THAT APPELLANT** [ALICIA ERWIN] **HAD REQUISITE STANDING TO MAINTAIN HER LAWSUIT WHERE SHE WAS NOT A PARTY TO THE ALLEGED AGREEMENT NOR AN INTENDED THIRD PARTY BENEFICIARY.**

**{¶10}** However, App.R. 3(C)(1) provides:  "A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order, shall file a notice of cross appeal within the time allowed by App.R. 4."  The Appellees never filed a notice of cross appeal.  Therefore, we disregard the cross-assignment of error.  However, we note that contrary to what the Appellees argue, the court never found that Alicia Erwin had standing.  The court made no findings on standing, presumably because the court disposed of the case on other grounds and did not have to reach that issue.

### III.  Standard of Review

**{¶11}**  When reviewing a trial court's decision on a motion for summary judgment, we conduct a de novo review governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.  Summary judgment is appropriate when the movant has established: 1.) there is no genuine issue of material fact; 2.) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, with the evidence against that party being construed most strongly in its favor; and 3.) the moving party is entitled to judgment as a matter of law.  *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978) (per curiam).  *See* Civ.R. 56(C).

**{¶12}**  The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment.  *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996).  To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate the non-moving party has no evidence to support the non-moving party's claims.  Civ.R. 56(C).  *See Hansen v. Wal–Mart Stores, Inc.*, 4th Dist. No. 07CA2990, 2008-Ohio-2477, ¶ 8.  Once the movant supports the motion with appropriate evidentiary materials, the non-moving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial."  Civ.R. 56(E).  "If the party does not so respond,

summary judgment, if appropriate, shall be entered against the party." *Id.*

## IV. R.C. 2107.04

**{¶13}** Because it is dispositive of this appeal, we address the second assignment of error initially. The trial court found that all of the Erwins' claims were barred by the "statute of frauds." In their second assignment of error, the Erwins contend that the trial court erred because two exceptions "take the case outside the realm of the statute of frauds." Initially, we must clarify the terminology used by the court and parties.

**{¶14}** In their motion for summary judgment, the Appellees argued that the Erwins' claims were barred by R.C. 2107.04 and characterized that code section as the "Statute of Frauds." In their response to this motion, the Erwins used the same characterization, and in its order, the court also appears to refer to R.C. 2107.04 as the "Statute of Frauds." However, "[i]n Ohio, the Statute of Frauds is embodied in R.C. Chapter 1335." *Ed Schory & Sons, Inc. v. Francis*, 75 Ohio St.3d 433, 438, 662 N.E.2d 1074 (1996). The Statute of Frauds requires that certain agreements, such as real estate contracts, be in writing. *See* R.C. 1335.04; R.C. 1335.05. R.C. 2107.04 is similar, yet distinct from the Statute of Frauds. It appears under the Revised Code chapter on wills and provides:

> No agreement to make a will or to make a devise or bequest by will shall
> be enforceable unless it is in writing. The agreement shall be signed by
> the maker or by some other person at the maker's express direction. If
> signed by a person other than the maker, the instrument shall be
> subscribed by two or more competent witnesses who heard the maker
> acknowledge that it was signed at the maker's direction.[2]

---

[2] The trial court quoted the current version of the statute in its decision. At the time the parties made the alleged oral contract, i.e., spring 2001, the statute similarly provided:

Therefore, in this assignment of error we address R.C. 2107.04 – not the "statute

of frauds" as embodied in R.C. Chapter 1335.  *See generally Brannan v. Fowler*,

100 Ohio App.3d 577, 654 N.E.2d 434 (4th Dist.1995), treating each statute in

accordance with this distinction.

**{¶15}**  The Erwins do not dispute the fact that R.C. 2107.04, if applicable, bars

their claims.  In other words, they implicitly concede that their claims involve an alleged

agreement to make a will or to make a devise or bequest by will and that under R.C.

2107.04, that agreement is not enforceable because it is not in writing.  Instead, the

Erwins argue that R.C. 2107.04 does not apply because the doctrine of part

performance and the "family exception doctrine" remove the alleged oral agreement

from the operation of R.C. 2107.04.

**{¶16}**  "In an action for specific performance, part performance is an equitable

doctrine that renders the Statute of Frauds inoperative."  *Bumgarner v. Bumgarner*, 4th

Dist. No. 09CA22, 2010-Ohio-1894, ¶ 26.  As the Supreme Court of Ohio explained:  "In

an action for specific enforcement of an oral contract for the sale of land, equity

intervenes to render the statute of frauds inoperative only when a failure to enforce the

contract will result in fraud and injury.  To entitle one claiming to have purchased land to

enforce an oral contract for the conveyance thereof, he must, in reliance on the

promise, have performed acts which changed his position to his prejudice."  *Tier v.*

*Singrey*, 154 Ohio St. 521, 526, 97 N.E.2d 20 (1951).

---

No agreement to make a will or to make a devise or bequest by will shall be enforceable unless it is in writing.  Such agreement must be signed by the maker or by some other person at such maker's express direction.  If signed by a person other than such maker, the instrument must be subscribed by two or more competent witnesses who heard such maker acknowledge that it was signed at his direction.

**{¶17}** However, although the doctrine of part performance renders the statute of frauds inoperative, it does not render R.C. 2107.04 inoperative in an action to enforce an oral agreement to make a devise of real estate by will. The Supreme Court of Ohio addressed this issue in *Sherman v. Johnson*, 159 Ohio St. 209, 112 N.E.2d 326 (1953). In *Sherman*, the Court actually interpreted former G.C. 10504-3a, which is substantially similar to the modern version of the statute codified in R.C. 2107.04.[3] The Court rejected the argument that part performance of an agreement could render G.C. 10504-3a inoperative. The Court found that by enacting G.C. 10504-3a, the legislature clearly expressed its intent to require, without exception, that agreements to make a will or devise or bequest by will be in writing. Therefore, the Court held that "[b]y virtue of Section 10504-3a, General Code, an agreement to make a will or to make a devise or bequest by will is not enforcible under any circumstances unless it is in writing." *Sherman* at paragraph four of the syllabus.

**{¶18}** Because R.C. 2107.04 is virtually unchanged from its predecessor, G.C. 10504-3a, we conclude the holding in *Sherman* also applies to R.C. 2107.04. In other words, under R.C. 2107.04, an agreement to make a will or to make a devise or bequest by will is not enforceable under any circumstances unless it is in writing. Thus, the doctrine of part performance does not render R.C. 2107.04 inoperable, and we must reject the Erwins' argument.

**{¶19}** The Erwins also contend that the "family exception doctrine" removes the alleged oral agreement from R.C. 2107.04. Specifically, they claim that the "statute of

---

[3] G.C. 10504-3a provided: "No agreement to make a will or to make a devise or bequest by will shall be enforceable unless such agreement is in writing, signed by the party making it or by some other person by his express direction, in which latter case the instrument must be subscribed by two or more competent witnesses who heard such party acknowledge that it was so signed by his direction."

frauds does not invalidate this contract because it was made between family members."

They argue:

> In *Estoppel in Property Law*, 77 Neb. L. Rev. 756 (1998), Professor Sterk states:
>
>> "Courts generally assume that a reasonable person would not make expenditures on land owned by stranger in reliance on the stranger's oral promise to convey the land . . . The situation is somewhat different when family members are involved. Social norms may lead a family member/promisee to forego a writing even though the same promisee would never forego a writing when entering into a land sale transaction with a stranger . . . Where the supposed promise [sic] can prove not only expenditures made on the property, but also a contemporaneous transfer of money or other legal rights to the family member who is the property's record owner, courts have little difficulty finding, and enforcing, the family member's promise." *Id.* [a]t 764-66. *See also* Melanie Leslie, *Enforcing Family Promises: Reliance, Reciprocity and Relational Contract*, 77 N.C. L. Rev. 551 (1991).

In addition, the Erwins claim that "this Court applied a family exception to the statute of frauds in a similar case involving land wherein a father sued his child and grandchild for the right to live on land pursuant to an oral agreement. *Ratliff v. Waughtel*, Scioto County Case 04-CIH-111 (2004)."

**{¶20}** However, from the broad holding in *Sherman*, it is clear no exception exists that would remove an agreement to make a will or to make a devise or bequest by will from the operation of R.C. 2107.04. *See Sherman*, 159 Ohio St. 209, 112 N.E.2d 326, at paragraph four of the syllabus. Moreover, law review articles are not binding authority. *Reygaert v. Palmer*, 2d Dist. No. 9296, 1986 WL1340, *4 (Jan. 29, 1986). Even if they were, the language the Erwins quote makes no reference to a "family exception doctrine" for R.C. 2107.04.

**{¶21}** In addition, contrary to the Erwins' claim, the *Ratliff* case is not from "this Court." It is a common pleas court case, which is also not binding authority. *See Rumberg v. Rumberg*, 7th Dist. No. 96CA156, 1998 WL 896334, *4 (Dec. 16, 1998). The Appellees argue that *Ratliff* does not stand for the proposition for which the Erwins cite it. But because the Erwins failed to attach a copy of this case to their appellate brief and we are unaware of a URL address where the case is accessible, we cannot evaluate the parties' competing interpretations. *See* App.R. 16(E) ("If determination of the assignments of error presented requires the consideration of legal authority not generally accessible through online legal research databases but available through another online resource, the citation in the brief to the authority should include the internet URL address where the authority is accessible. If determination of the assignments of error presented requires the consideration of legal authority not accessible through any online resource, the relevant parts shall be reproduced in the brief or in an addendum at the end or may be supplied to the court in pamphlet form."). Therefore, the Erwins failed to provide us with any Ohio case to support the existence of a "family exception doctrine" to R.C. 2107.04. For the foregoing reasons, we reject the Erwins' claim that such a doctrine renders R.C. 2107.04 inoperable in this case.

**{¶22}** Because the doctrine of part performance and the "family exception doctrine" do not apply to R.C. 2107.04, we overrule the second assignment of error.

**{¶23}** In their first assignment of error, the Erwins challenge the court's finding that they filed their claims outside the applicable statute of limitations. In their third assignment of error, the Erwins contend that the trial court erred "in failing to consider Appellant's [sic] non-contractual claims." The Erwins argue:

> [T]he trial court granted Appellee[s] summary judgment citing the statute of limitations and statute of frauds, but apparently did not consider Appellants' non-contractual claims. In addition to its [sic] contractual claims, Appellant[s] brought claims of unjust enrichment which could not have been properly barred by the statute of frauds and/or statute of limitations. The trial court's brief judgment entry granting summary judgment did not address these claims nor explain how these claims would be barred at summary judgment.
>
> *In Arguendo*, the quantum meiriut [sic], or unjust enrichment claim should survive even if one or more of the other claims of action were defeated.

Then, the Erwins list the elements of an unjust enrichment claim and argue that they submitted summary judgment evidence to prove each of those elements.

**{¶24}** Contrary to the Erwins' assertion in their third assignment of error, the trial court did address their quantum meruit or unjust enrichment claims in its judgment – the court dismissed all of the Erwins' claims based on R.C. 2107.04 and failure to file within the applicable statute of limitations. From the statements in their third assignment of error, it appears the Erwins believe that R.C. 2107.04 simply does not apply to quantum meruit claims. However, instead of assigning that issue as error and providing any argument to support their position, the Erwins vaguely assert those claims "could not have been properly barred by the statute of frauds and/or statute of limitations." Therefore, we reject this argument summarily under the provisions of App.R. 12(A)(2) and App.R. 16(A)(7).

**{¶25}** Again, the trial court dismissed *all* of the Erwins claims based on R.C. 2107.04 and failure to file within the applicable statute of limitations. The only assigned error relating to the court's R.C. 2107.04 finding is the second assignment of error, which we already rejected. Therefore, the trial court's decision must stand based on its R.C. 2107.04 finding. The Erwins' first assignment of error regarding the court's

alternative finding that the applicable statute of limitations also bars the claims is moot. *See* App.R. 12(A)(1)(C).  Likewise, the third assignment is moot to the extent it focuses on the merits of the quantum meruit claims.  *Id.*  Therefore, we need not address those issues.  Accordingly, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Abele, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
       William H. Harsha, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**