[Cite as *Hammond v. Perry*, 2013-Ohio-3683.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

SHEILA L. HAMMOND et al.,

      Plaintiffs-Appellees,

      vs.

PAMELA S. PERRY,

      Defendant-Appellant

:

:     Case No.  12CA27

:

:     DECISION AND JUDGMENT ENTRY

:

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    James R. Kingsley, Kingsley Law Office, 157 West Main
                                     Street, Circleville, Ohio 43113

COUNSEL FOR APPELLEES:    Ryan Shepler, Kernen & Shepler, L.L.C., 158 East Main
                                       Street, P.O. Box 388, Logan, Ohio 43138-0388

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 8-19-13
ABELE, J.

{¶ 1}   This is an appeal from several Hocking County Common Pleas Court judgments in favor of Sheila L. Hammond and Gerard C. Hammond (the Hammonds), among others, plaintiffs below and appellees herein, on their claim and on the various claims and counterclaims that Pamela S. Perry, defendant below and appellant herein, brought against them.

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR
WHEN IT GRANTED DEFENDANT'S CIV.R. 12(B) MOTION
TO DISMISS PLAINTIFF'S CLAIM FOR CONTRACT TO

MAKE A WILL?"

SECOND ASSIGNMENT OF ERROR:
"DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR
WHEN IT GRANTED SUMMARY JUDGMENT TO
DEFENDANTS?"

{¶ 3}   On June 24, 1978, Doris Shrum and Frederick Shrum acquired approximately

forty acres of undeveloped land.   Frederick Shrum died in 1998 and, for a few years thereafter,

family members constructed a cabin on the property.   Herbert Shrum, Doris's son, along with

appellant (his wife), upgraded the structure and installed indoor plumbing, a septic system and

connected the cabin to "city water."[1]

{¶ 4}   The dispute concerns the impetus for making the upgrades.   Appellant claims that

Doris Shrum was to make a last will and testament and leave the property to her and her husband.

  Appellant contends that she and her husband intended to make the cabin their retirement home.

The Hammonds, however, as well as Doris Shrum, contend that Herbert and appellant improved

the structure of their own volition and were even asked to cease making improvements.

{¶ 5}   In 2010, Herbert Shrum died.   Doris Shrum later transferred the property to her

daughter, Appellee Sheila Hammond.   Notice was served on appellant to vacate the premises[2]

and, on November 22, 2010, appellees commenced this case in the Hocking County Municipal

Court as a forcible entry and detainer action.   Later, the case was transferred to the Hocking

County Common Pleas Court where it was consolidated with another case that involved these

---

[1]   Herbert Shrum and appellant met in 1999 and married in 2000.     This was Shrum's second marriage and appellant's third.

[2]   Although appellant did not live in the cabin full-time, she was there frequently.

same parties.[3]

**{¶ 6}**   On December 7, 2010, appellant answered, set out several defenses and filed a combined counterclaim and third party complaint[4] that asserted claims in (1) quiet title, (2) breach of contract to make a will, (3) declaratory judgment, (4) unjust enrichment, and (5) interference with expectation of inheritance.[5]  Appellant's third party complaint named, as defendants, Doris Shrum, "Erin Shrum-Albanee"[6] and appellant, herself, as the Administrator of her husband's estate.

**{¶ 7}**   On December 20, 2010, appellees and third-party defendant Doris Shrum, filed a Civ.R. 12(B)(6) motion to dismiss appellant's action in breach of contract to make a will.   The gist of their motion is that the third party complaint did not allege a written agreement and an oral agreement to make a will is unenforceable under Ohio law.   On May 17, 2011, the trial

---

[3]  At this point, the case becomes procedurally convoluted. The record on appeal contains the original papers from Case No. 10CV0324, the case that began as a forcible entry and detainer action in the municipal court. The original papers from the case with which it was consolidated (Case No. 10CV314) do not appear in the record.     Thus, we do not have a copy of the complaint filed in the latter case, and are not sure of the claims asserted therein.     However, after a review of a few of the trial court's entries, we gather that they are the same claims set forth as appellant's third-party claims in Case No. 10CV0324. Presumably, this is why the assignments of error refer to appellees as "defendants" when, in Case No. 10CV0324, they actually are the "plaintiffs."

[4]  As these are separate pleadings for purposes of Civ.R. 7, the better practice would have been to treat them separately within this filing.     Moreover, the failure to separate the two makes it difficult to determine which counterclaims or third-party claims are being asserted against which plaintiffs or third-party defendants.

[5]  The counterclaim/third party complaint also contained a "sixth cause of action" for "attorney's fees."     However, as we have long said, attorney fees are a remedy for a claim, not a separate claim in and of themselves. See e.g. *Myers v. Wild Wilderness Raceway*, L.L.C., 181 Ohio App.3d 221, 2009-Ohio-874, 908 N.E.2d 950, at ¶34, fn.7 (4th Dist. 2009).

[6]  Erin Shrum Albanee is apparently Herbert Shrum's daughter from a previous marriage and, thus, appellee's former step-daughter.

court granted the motion and ordered the second "cause of action" dismissed.

{¶ 8} On August 13, 2012, plaintiffs (and, presumably, third-party defendants) requested summary judgment on all their claims, as well as the counterclaims and third-party claims. Appellant filed a memorandum in opposition. On November 30, 2012, the trial court entered judgment on behalf of "plaintiffs," which it defined as all other parties in the two cases except for appellant, Pamela Perry. The following month, the trial court granted a writ of eviction to the appellees to remove appellant from the premises. This appeal followed.

I

{¶ 9} Appellant's first assignment of error involves the trial court's 2011 dismissal of the second "cause of action" set out in her counterclaim and third party complaint for failure to state a claim upon which relief could be granted. That "cause of action" is the "breach of contract to make a will." The trial court held that such a contract must be in writing and, in failing to allege a written contract, appellant failed to set out an actionable claim against appellee and third party defendants. Appellant argues this constitutes error.

{¶ 10} Before we turn to the merits of the assignments of error, we first address the appropriate standard of review. When considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a trial court must presume that all of the complaint's factual allegations are true, and further must construe all reasonable inferences in favor of the nonmoving party. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 961 N.E.2d 181, 2012-Ohio-54, at ¶12; *State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 819 N.E.2d 654, 2004-Ohio-6410, at ¶5. Dismissal is appropriate only if it appears beyond doubt that the non-movant can prove no set of facts that entitle her to relief. See *Ohio Bur. of*

*Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, at ¶12;

*Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 816 N.E.2d 1061, 2004-Ohio-5717, at ¶11.

{¶ 11} Appellate courts review de novo a dismissal for the failure to state a claim. *Allen v. Bryan*, 4th Dist. No. 12CA15, 2013-Ohio-1917, at ¶7; *Bartley v. Hearth & Care of Greenfield, L.L.C.*, 4th Dist. No. 12CA13, 2013-Ohio-279, at ¶11. In other words, an appellate court affords no deference to a trial court's decision and, instead, applies its own, independent review to determine if the Civ.R. 12(B)(6) requirements were satisfied. *McDill v. Sunbridge Care Ents., Inc.*, 4th Dist. No. 12CA8, 2013-Ohio-1618. at ¶10; *Estep v. State*, 4th Dist. No. 09CA3088, 2009-Ohio-4349, at ¶5.

{¶ 12} Appellant's precise argument is that, although a contract to make a will must be in writing, partial performance can relax that requirement. We disagree. R.C. 2107.04 provides that "[n]o agreement to make a will or to make a devise or bequest by will shall be enforceable unless it is in writing." Statutes mean what they say. *Wells Fargo v. Phillabaum*, 192 Ohio App.3d 712, 950 N.E.2d 245, 2011-Ohio-1311, at ¶14 (4th Dist.); *State ex rel. Athens Cty. Child Support Enforcement Agency v. Patel*, 4th Dist. No. 05CA20, 2006-Ohio-2951, at ¶20. Appellant makes no argument that a written agreement exists and, like the trial court, we find no allegation of such in the record before us.

{¶ 13} Appellant counters that the oral promise to convey the cabin should nevertheless be enforced under the doctrine of partial-performance. Appellant argues that the trial court misinterpreted several cases when it held that partial performance does not apply here. Recently, this Court considered whether the doctrine of part performance took an agreement to make a will outside the terms of R.C. 2107.04. We answered that question in the negative.

*Erwin v. Wanda E. Wise Revocable Trust*, 4ᵗʰ Dist. No. 12CA3501, 2013-Ohio-952, at ¶17.[7]  We

find nothing in appellant's brief to prompt us to reconsider that decision.

{¶ 14} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's

first assignment of error.

II

{¶ 15} In her second assignment of error, appellant argues that the trial court erred by

granting summary judgment on all of the remaining claims.

{¶ 16} Appellate courts generally review summary judgments de novo. *Sutton Funding,*

*L.L.C. v. Herres*, 188 Ohio App.3d 686, 2010-Ohio-3645, 936 N.E.2d 574, at ¶59; *Broadnax v.*

*Greene Credit Service*, 118 Ohio App.3d 881, 887, 694 N.E.2d 167 (2ⁿᵈ Dist. 1997).   In other

words, appellate courts afford no deference to trial court decisions, *Sampson v. Cuyahoga Metro.*

*Hous. Auth.*, 188 Ohio App.3d 250, 935 N.E.2d 98, 2010-Ohio-3415, at ¶19; *Kalan v. Fox*, 187

Ohio App.3d 687, 933 N.E.2d 337, 2010-Ohio-2951, at ¶13.   Instead, an appellate court will

independently review the matter to determine whether summary judgment is appropriate. *Woods*

*v. Dutta*, 119 Ohio App.3d 228, 233-234, 695 N.E.2d 18 (4ᵗʰ Dist. 1997); *McGee v. Goodyear*

*Atomic Corp.*, 103 Ohio App.3d 236, 241, 659 N.E.2d 317 (4ᵗʰ Dist. 1995).

{¶ 17} Summary judgment under Civ. R. 56(C) is appropriate when a movant shows that

(1) no genuine issues of material fact exist, (2) he is entitled to judgment as a matter of law, and

(3) after the evidence is construed most strongly in favor of the non-movant, reasonable minds

can come to one conclusion and that conclusion is adverse to the non-moving party.   See

---

[7] We recognize that we released *Erwin* on March 4, 2013.    Appellant filed her brief on February 1, 2013.    Thus, appellant did not have the benefit of that decision when she filed her brief.

*Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066, at ¶103; *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party bears the initial burden to show that no genuine issue of material facts exist and that it is entitled to judgment as a matter of law. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997); *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). If that burden is satisfied, the onus shifts to the non-moving party to provide rebuttal evidentiary materials. See *Trout v. Parker*, 72 Ohio App.3d 720, 723, 595 N.E.2d 1015 (4th Dist. 1991); *Campco Distributors, Inc. v.. Fries*, 42 Ohio App.3d 200, 201, 537 N.E.2d 661 (2nd Dist. 1987). With these principles in mind, we turn our attention to the case sub judice.

{¶ 18} Appellant first argues that the trial court erred in its interpretation of *"Myers v. Croswell*, 45 Ohio St. 534, 547 (1888)." However, we do not see this case cited in the November 30, 2012 summary judgment. Second, the cite contained in their brief is incorrect (Page 534, in volume forty-five, of the first series of Ohio State Reports is the last page of *Eckert v. Myers*, 45 Ohio St. 525, 15 N.E. 862 (1888)). Third, appellant does not explain how that case is relevant to the case sub judice.

{¶ 19} Appellant also argues that an issue of fact exists concerning who actually owned the cabin. However, appellant's answer alleged that Frederick and Doris Shrum "acquired the property on 6/24/1978 by warranty deed," that Frederick and Doris "conveyed, one to the other, a survivorship interest" in 1998, and that an affidavit of transfer conveyed the remainder to Doris after Frederick's death. Appellant further states in paragraph nine of her counterclaim that "Doris Shrum conveyed the property to her daughter . . . Sheila L. Hammond[.]" Thus, we see no issue of fact as to who owns the title to the cabin.

{¶ 20} Appellant continues that "[i]t was "Herbert's idea."   If this refers to the cabin's improvements, we agree that no issue exists that the idea of making improvements came from Herbert and appellant.   This is not a contested issue of fact, nor did the trial court deem it to be. What is contested, however, is whether that idea was solely appellant's and her late husband's, or whether it formed part of an agreement with Doris Shrum to make a will to leave the property to them.

{¶ 21} Appellant argues that *Hugh v. Oberholtzer,* 162 Ohio St. 330, 123 N.E.2d 393 (1954) refers to "a contract to make a will" as well as "[t]he doctrine of part performance is based on equity . . ."   To the extent that appellant is attempting to re-argue the issue that partial performance removes the writing requirement from R.C. 2107.04, under her first assignment of error we previously discussed, and rejected, that point.

{¶ 22} Appellant next argues that the trial court erred by concluding that no genuine issue of material fact exists that the cabin is a "fixture" to the property and could not be moved. Appellant argues that this constitutes error and points to her affidavit wherein she attested that "Herbert and I did not intend the cabin to become a fixture."

{¶ 23} A fixture is defined, inter alia, as personal property that has been so annexed to realty that it is regarded as part of the land.   Black's Law Dictionary (5th Ed. 1979) 574. Appellant testified at her deposition that the cabin sits on a foundation of "telephone poles" sunk into cement.   Moreover, as part of her claims, she argues she and her late husband improved the cabin and installed electricity, septic system and connected it to the city water system.   Appellant argues that "[t]he Statute of Frauds does not apply to determine a house is a fixture." Apparently, this is another effort to circumvent the R.C. 2107.04 writing requirement.

However, as we noted in *Erwin*, supra, it is a misnomer to refer to R.C. 2107.04 as the Statute of

Frauds:

> " In their motion for summary judgment, the Appellees argued that the Erwins'
> claims were barred by R.C. 2107.04 and characterized that code section as the
> "Statute of Frauds." In their response to this motion, the Erwins used the same
> characterization, and in its order, the court also appears to refer to R.C. 2107.04 as
> the "Statute of Frauds." However, "[i]n Ohio, the Statute of Frauds is embodied in
> R.C. Chapter 1335." Ed *Schory & Sons, Inc. v. Francis*, 75 Ohio St.3d 433, 438,
> 662 N.E.2d 1074 (1996). The Statute of Frauds requires that certain agreements,
> such as real estate contracts, be in writing. See R.C. 1335.04; R.C. 1335.05. R.C.
> 2107.04 is similar, yet distinct from the Statute of Frauds. It appears under the
> Revised Code chapter on wills and provides:
>
>> No agreement to make a will or to make a devise or bequest by will
>> shall be enforceable unless it is in writing. The agreement shall be
>> signed by the maker or by some other person at the maker's express
>> direction. If signed by a person other than the maker, the
>> instrument shall be subscribed by two or more competent witnesses
>> who heard the maker acknowledge that it was signed at the maker's
>> direction.
>
> Therefore, in this assignment of error we address R.C. 2107.04—not the "statute
> of frauds" as embodied in R.C. Chapter 1335.(Footnote omitted.) 2013-Ohio-952,
> at ¶14.

This distinction is not simply one of style over substance. Our decision in *Erwin* traced the

history of R.C. 2107.04 and the Ohio Supreme Court's treatment of its predecessor:

> "However, although the doctrine of part performance renders the statute of frauds
> inoperative, it does not render R.C. 2107.04 inoperative in an action to enforce an
> oral agreement to make a devise of real estate by will. The Supreme Court of Ohio
> addressed this issue in *Sherman v. Johnson*, 159 Ohio St. 209, 112 N.E.2d 326
> (1953). In *Sherman*, the Court actually interpreted former G.C. 10504–3a, which
> is substantially similar to the modern version of the statute codified in R.C.
> 2107.04.FN3 The Court rejected the argument that part performance of an
> agreement could render G.C. 10504–3a inoperative. The Court found that by
> enacting G.C. 10504–3a, the legislature clearly expressed its intent to require,
> without exception, that agreements to make a will or devise or bequest by will be
> in writing. Therefore, the Court held that "[b]y virtue of Section 10504–3a,
> General Code, an agreement to make a will or to make a devise or bequest by will
> is not enforcible under any circumstances unless it is in writing." *Sherman* at

paragraph four of the syllabus.

Because R.C. 2107.04 is virtually unchanged from its predecessor, G.C. 10504–3a, we conclude the holding in *Sherman* also applies to R.C. 2107.04. In other words, <u>under R.C. 2107.04, an agreement to make a will or to make a devise or bequest by will is not enforceable under any circumstances unless it is in writing</u>. Thus, the doctrine of part performance does not render R.C. 2107.04 inoperable, and we must reject the Erwins' argument." (Emphasis added.) 2013-Ohio-952, at ¶¶17-18.

{¶ 24} We continue to adhere to our holding in *Erwin*. R.C. 2107.04 is not the Ohio Statute of Frauds, and an agreement to make a will is not enforceable under any circumstances, unless a written agreement exists pursuant to that statute. Consequently, appellant's argument about whether the cabin is, or is not, a fixture in order to avoid the application of the "Statute of Frauds" is superfluous.

{¶ 25} Appellant next argues that the trial court erred by concluding that no genuine issues of material fact exist with regard to appellant's unjust enrichment claim. We disagree.

{¶ 26} In her brief, appellant couches this argument as "[t]he Statute of Frauds does not apply to unjust enrichment." To the extent that appellant again attempts to use this theory to circumvent the R.C. 2107.04 writing requirement, once again we conclude that an agreement to make a will is unenforceable unless the argument is in writing. To the extent that appellant argues this claim for purposes of trying to obtain monetary damages from appellees, we agree that appellees are entitled to judgment in their favor as a matter of law. Unjust enrichment occurs when a party retains benefits that in justice and equity belong to another. *Dailey v. Craigmyle & Son Farms, L.L.C.*, 177 Ohio App.3d 439, 2008–Ohio–4034, 894 N.E.2d 1301, ¶20 (4th Dist.); *Strahler v. Vessels*, 4th Dist. No. 11CA24, 2012-Ohio-4170, at ¶20. To prevail on

such a claim, appellant must show: (1) a benefit conferred by her and her late husband upon one of the appellees; (2) knowledge by appellee of the benefit; and (3) retention of the benefit by appellee under circumstances in which it would be unjust to do so without payment.   See *Strahler*, at ¶11.

{¶ 27} Assuming, arguendo, that all of appellant's factual allegations are true, and further assuming that an unjust benefit was conferred, appellant may arguably have established the first and second factors with regard to Doris Shrum.   However, Shrum no longer owns the land and we find no evidence that the transfer to Sheila Hammond was a sale so that Shrum retained some sort of economic/financial gain.   Consequently, a claim of unjust enrichment cannot lie against her.   As for as Appellee Sheila Hammond, the current owner of the property (who retains the benefit arguably bestowed by appellant and her late husband), we find no information to show that at the time the land was improved, she knew that her mother intended to transfer the land to her in the future.   Thus, we find no evidentiary materials to indicate that it would be unjust to allow her to retain the benefit.   Unjust enrichment will not lie against Sheila Hammond and we see no other appellee to which this theory is arguably applicable.

{¶ 28} Finally, appellant asserts that a genuine issue of fact exists as to whether Appellee Sheila Hammond intentionally interfered with her expectation of an inheritance.   Appellant's argument is that "Sheila prevailed upon Doris to deed her the property before Doris died."

{¶ 29} The Ohio Supreme Court adopted the following definition for such claim: "One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift." *Firestone v. Galbreath*, 67 Ohio St.3d 87, 88, 616

N.E.2d 202 (1993) citing Restatement of the Law 2d, Torts (1979) 58, Section 774B. Doris

Shrum's affidavit, in support of the motion for summary judgment, attests that she transferred the

land to her daughter of "her own free and voluntary act" and under no "duress." This is

sufficient for the appellees to carry their initial burden of production on this issue. The burden

then shifted to the appellant to provide Civ.R. 56(C) evidentiary material in rebuttal. Appellant,

however, cites no evidence to show that "Sheila prevailed" upon her mother to transfer the

property to Shelia rather than to her former sister-in-law. Also, we see no evidentiary materials

to show that Appellee Sheila Hammond (1) was aware of any alleged arrangement to leave the

property to her brother and sister-in-law, or (2) was aware that her mother intended to transfer the

property to her. Without either, appellant cannot show that appellee intentionally interfered with

her expectance of an inheritance.

{¶ 30} Consequently, after our review of the matter under our de novo standard of

review, we believe that the trial court correctly granted appellees summary judgment on this

claim. Accordingly, for all these reasons, we find no merit to appellant's second assignment of

error and it is hereby overruled.

{¶ 31} Therefore, having reviewed all errors appellant assigned and argued, we hereby

affirm the trial court's judgment.

                                                                        JUDGMENT AFFIRMED.

[Cite as *Hammond v. Perry*, **2013-Ohio-3683**.]

<u>JUDGMENT ENTRY</u>

It is hereby ordered that the judgment be affirmed and that appellees collect of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion
                              For the Court

                                        BY:_____
                              Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.