[Cite as *State ex rel. Hall v. Ohio Parole Bd.*, 2018-Ohio-929.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. David Hall, | : | |
| Relator, | : | |
| v. | : | No. 16AP-754 |
| Ohio Parole Board Andre Imbrogno, Chair, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on March 13, 2018

**On brief:** *David Hall,* pro se*.*

**On brief:** *Michael DeWine,* Attorney General*,* and *Zachary R. Huffman,* for respondent.

IN MANDAMUS
ON MOTIONS

BRUNNER, J.

{¶ 1}   Relator, David Hall, an inmate of the North Central Correctional Institution, commenced this original action requesting a writ of mandamus ordering respondent, Ohio Parole Board ("the board"), to "immediately beg[i]n complying with the Ohio [laws] now being violat[ed] and conduct a new meaningful hearing on [his] behalf." (Compl. at ¶ 4.)

{¶ 2}   This Court referred Hall's complaint in mandamus to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of facts and conclusions of law, appended hereto. The magistrate determined that, at the time Hall filed his complaint, he failed to file an affidavit of prior civil actions as required by R.C. 2969.25(A). Because the requirements of R.C. 2969.25 are mandatory, the magistrate recommended that this Court grant the board's

motion for judgment on the pleadings and dismiss this matter. The magistrate further recommended this Court order Hall to pay the costs of the proceedings because he did not prevail and did not establish indigency.

{¶ 3}   Hall timely filed objections to the magistrate's decision.

{¶ 4}   It is well-settled that compliance with the requirements of R.C. 2969.25 is mandatory and cannot be cured after the fact. *State of Ohio ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4. Hall failed to comply with the requirements of R.C. 2969.25. Consequently, his petition for a writ of mandamus is sua sponte dismissed.

{¶ 5}   Upon review of the magistrate's decision, an independent review of the record, and due consideration of Hall's objections, we dismiss this action sua sponte. Hence, Hall's objections are overruled, and the board's motion for judgment on the pleadings is moot. Further, inasmuch as Hall did not prevail and did not establish indigency, this Court orders him to pay the costs of the proceedings.

*Objections overruled;*
*writ of mandamus sua sponte dismissed.*

BROWN and KLATT, JJ., concur.

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. David Hall, | : | |
| Relator, | : | |
| v. | : | No. 16AP-754 |
| Ohio Parole Board | : | (REGULAR CALENDAR) |
| Andre Imbrogno, Chair, | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 25, 2017

*David Hall*, pro se.

*Michael DeWine,* Attorney General, and *Zachary R. Huffman,* for respondent.

IN MANDAMUS
ON MOTIONS

{¶ 6} Relator, David Hall, has filed this mandamus action against respondent, Ohio Parole Board ("parole board"), asserting that the parole board is "conducting meaningless review or parole in their particular cases, and also in the over whelming majority of offenders's that has retaliated against Relator for exercising his Constitutional rights." (Sic passim.) Relator further asserts the parole board is wasting tax payer money and asks this court to order respondent to "immediately began complying with the Ohio Statutory laws now being violation and conduct new meaningful hearing on Relator's behalf." (Sic. passim.)

Findings of Fact:

{¶ 7}   1.  Relator is an inmate currently incarcerated at North Central Correctional Institution and is serving a sentence of 26 years to life for convictions of murder and felonious assault.

{¶ 8}   2.  On November 3, 2016, relator filed this mandamus action.

{¶ 9}   3.  On December 27, 2016, respondent filed a motion to dismiss asserting that this is not a mandamus action, but is, in fact, a declaratory judgment action outside this court's jurisdiction.

{¶ 10} 4.  On February 13, 2017, the magistrate denied respondent's motion to dismiss.

{¶ 11} 5.  On April 14, 2017, respondent filed a motion for judgment on the pleadings asserting that relator had failed to fully comply with the mandatory filing requirements of R.C. 2969.25 by failing to list all the civil actions he has filed against a government entity or employee within the last five years and failing to provide a brief description of the nature of the civil action or appeal which he did include.

{¶ 12} 6.  On April 28, 2017, relator filed a motion opposing respondent's motion for judgment on the pleadings; however, relator did not address the issue raised in respondent's motion.

{¶ 13} 7.  On May 5, 2017, respondent replied to relator's motion in opposition pointing out that relator did not address the issue raised therein.

{¶ 14} 8.  Relator currently has pending a motion to compel discovery and for appointment of counsel.

{¶ 15} 9.  The matter is currently before the magistrate on motions.

Conclusions of Law:

{¶ 16} For the reasons that follow, it is this magistrate's decision that relator's motion to compel discovery and for the appointment of counsel should be denied and that respondent's motion for judgment on the pleadings should be granted, and this matter should be dismissed.

{¶ 17} In *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, an inmate, Carlos J. Fuqua, filed in the Allen County Court of Appeals a petition for a writ of habeas corpus. He requested leave to proceed in forma pauperis but he did not file the affidavit

required by R.C. 2969.25(A) describing each civil action or appeal of a civil action that he had filed in the previous five years in any state or federal court.

{¶ 18}  Fuqua's prison warden, Jesse J. Williams, moved to dismiss the petition.

{¶ 19}  Fuqua requested leave in the court of appeals to amend his petition with the affidavit required by R.C. 2969.25(A).

{¶ 20}  The court of appeals dismissed the petition for habeas corpus and Fuqua appealed as of right to the Supreme Court of Ohio.

{¶ 21}  The Supreme Court of Ohio, in *Fuqua* at ¶ 9 states:

> Fuqua's belated attempt to file the required affidavit does not excuse his non-compliance. See R.C. 2969.25(A), which requires that the affidavit be filed "[*a*]*t the time that an inmate commences a civil action* or appeal against a government entity or employee." (Emphasis added.)

{¶ 22}  In *Hawkins v. S. Ohio Corr. Facility,* 102 Ohio St.3d 299, 2004-Ohio-2893, an inmate, Jomo Hawkins, petitioned the Scioto County Court of Appeals for a writ of habeas corpus. However, Hawkins' petition did not contain the R.C. 2725.04(D) commitment papers nor the affidavit required by R.C. 2969.25(A).  Later, Hawkins filed an un-notarized statement purporting to be his R.C. 2969.25(A) affidavit.

{¶ 23}  Following dismissal of his action, Hawkins appealed as of right to the Supreme Court.  Citing *Fuqua,* the Supreme Court affirmed the judgment of the court of appeals.  Respondent points out that relator failed to include his appeal to the Supreme Court in *State ex rel. Hall v. Mohr,* 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4.  The magistrate has confirmed that this case, decided in 2014, was filed within five years of the filing of this mandamus action.  Because the requirements of R.C. 2969.25 are mandatory, the magistrate finds this constitutes grounds to dismiss relator's complaint.

{¶ 24}  Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should grant respondent's motion for judgment on the pleadings and dismiss relator's complaint. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).