[Cite as *State ex rel. Hall v. Turner*, 2019-Ohio-1938.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### MARION COUNTY

**THE STATE EX REL.
DAVID HALL, #A256-570,**

      **PETITIONER-APPELLANT,**          **CASE NO. 9-19-01**

      **v.**

**NEIL TURNER, WARDEN,**          **O P I N I O N**

      **RESPONDENT-APPELLEE.**

**Appeal from Marion County Common Pleas Court
Trial Court No. 2018-CV-0225**

**Judgment Affirmed**

**Date of Decision:   May 20, 2019**

**APPEARANCES:**

    *David Hall,* **Appellant**

    *Maura O'Neill Jaite* **for Appellee**

**PRESTON, J.**

{**¶1**} Petitioner-appellant, David Hall ("Hall"), appeals the December 4, 2018 judgment of the Marion County Court of Common Pleas dismissing his petition for a writ of habeas corpus against respondent-appellee, Warden Neil Turner ("Turner") of the North Central Correctional Complex. For the reasons that follow, we affirm.

{**¶2**} This matter originated with Hall's 1975 conviction on one count of murder in violation of R.C. 2903.02. (Doc. No. 1, Petitioner's Ex. B). In that case, Hall was sentenced to 15 years to life in prison. (*Id.*). Hall remained in prison until May 25, 1984, at which point he was released on parole. (Doc. No. 1, Petitioner's Ex. D). However, sometime in 1988 or 1989, Hall's parole was revoked and he was returned to prison. (Appellant's Brief at 2). Hall was paroled again on July 13, 1990. (Doc. No. 1, Petitioner's Ex. D). In 1991, while on parole, Hall was indicted on one count of felonious assault and one count of kidnapping. *State v. Hall*, 8th Dist. Cuyahoga No. 63771, 1993 WL 389474, *1 (Sept. 30, 1993). Following a jury trial, Hall was convicted of one count of felonious assault and sentenced to 11 to 15 years in prison. *Id.* at *3. (*See* Doc. No. 1, Petitioner's Ex. A). The Eighth District Court of Appeals affirmed Hall's conviction and sentence for felonious assault. *Hall* at *5. Finally, Hall's sentences for murder and felonious assault were

aggregated to form a term of 26 years to life in prison. (*See* Doc. No. 1, Petitioner's Ex. D).

{**¶3**} On April 4, 2018, Hall filed a petition for a writ of habeas corpus against Turner in the Marion County Court of Common Pleas. (Doc. No. 1). On June 4, 2018, Turner filed a motion to dismiss Hall's petition under Civ.R. 12(B)(6). (Doc. No. 3). Hall filed a memorandum in opposition to Turner's motion to dismiss on June 27, 2018. (Doc. No. 5).

{**¶4**} On December 4, 2018, the trial court granted Turner's motion and dismissed Hall's petition after concluding that Hall failed to attach to his petition a copy of all of his commitment papers and that he failed to file with the court an affidavit that complied with R.C. 2969.25(A). (Doc. No. 6).

{**¶5**} Hall filed a notice of appeal on January 4, 2019. (Doc. No. 7). He raises one assignment of error.

### Assignment of Error

**R.C. §2725.01 clearly permits an individual to petition for writ for writ [sic] of habeas corpus if his maximum sentence has expired and that individual is being held unlawfully.**

{**¶6**} In his appellate brief, Hall focuses mainly on arguing the merits of his petition for a writ of habeas corpus instead of advancing arguments attacking the trial court's reasons for dismissing his petition. However, Hall does make passing references to "commitment entries" and R.C. 2969.25(A). Thus, we elect to

interpret Hall's appellate brief as challenging the trial court's decision to dismiss his petition for a writ of habeas corpus as being procedurally defective.

**{¶7}** "'A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint.'" *Lloyd v. Robinson*, 4th Dist. Ross No. 14CA3452, 2014-Ohio-4977, ¶ 10, quoting *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. "'In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.'" *Id.*, quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12 and citing *Rose v. Cochran*, 4th Dist. Ross No. 11CA3243, 2012-Ohio-1729, ¶ 10. "When a trial court considers a Civ.R. 12(B)(6) motion to dismiss, it must review only the complaint, accepting all factual allegations contained in the complaint as true and making all reasonable inferences in favor of the nonmoving party." *Johnson v. Robinson*, 4th Dist. Ross No. 14CA3460, 2016-Ohio-3366, ¶ 13, citing *State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 2004-Ohio-6410, ¶ 5, *Perez v. Cleveland*, 66 Ohio St.3d 397, 399 (1993), and *Estate of Sherman v. Millhon*, 104 Ohio App.3d 614, 617 (10th Dist.1995). "Furthermore, the trial court 'cannot rely on evidence or allegations outside the complaint to determine a Civ.R. 12(B)(6) motion.'" *Id.*, quoting *State*

*ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). "This same standard applies in cases involving claims for extraordinary relief, including habeas corpus." *Id.* at ¶ 14, citing *Boles v. Knab*, 130 Ohio St.3d 339, 2011-Ohio-5049, ¶ 2.

{¶8} "'Appellate courts review de novo a dismissal for the failure to state a claim.'" *Id.* at ¶ 15, quoting *Hammond v. Perry*, 4th Dist. Hocking No. 12CA27, 2013-Ohio-3683, ¶ 11, citing *Allen v. Bryan*, 4th Dist. Hocking No. 12CA15, 2013-Ohio-1917, ¶ 7 and *Bartley v. Hearth & Care of Greenfield, L.L.C.*, 4th Dist. Highland No. 12CA13, 2013-Ohio-279, ¶ 11. "'In other words, an appellate court affords no deference to a trial court's decision and, instead, applies its own, independent review to determine if the Civ.R. 12(B)(6) requirements were satisfied.'" *Id.*, quoting *Hammond* at ¶ 11, citing *McDill v. Sunbridge Care Ents., Inc.*, 4th Dist. Pickaway No. 12CA8, 2013-Ohio-1618, ¶ 10 and *Estep v. State*, 4th Dist. Ross No. 09CA3088, 2009-Ohio-4349, ¶ 5.

{¶9} The procedures for filing petitions for writs of habeas corpus are contained in R.C. 2725.04. R.C. 2725.04 provides, in relevant part:

> Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
>
> * * *

(D)   A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

R.C. 2725.04(D).

[C]ommitment papers are necessary for a complete understanding of the petition. * * * When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.

*Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992). Failure to attach *all* pertinent commitment papers "renders the petition fatally defective and subject to dismissal." *Fugett v. Turner*, 140 Ohio St.3d 1, 2014-Ohio-1934, ¶ 2, citing *Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82, ¶ 4, citing *Tisdale v. Eberlin*, 114 Ohio St.3d 201, 2007-Ohio-3833, ¶ 6; *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 95 Ohio St.3d 70, 71 (2002) (upholding the dismissal of Johnson's petition for a writ of habeas corpus because Johnson "did not attach *all* of his pertinent commitment papers") (Emphasis sic.).

{¶10} The trial court did not err by dismissing Hall's petition because Hall did not comply with R.C. 2725.04(D). In this case, a review of the record reveals that Hall's parole was revoked at least once sometime in 1988 or 1989. Yet, Hall failed to attach a copy of the 1988 or 1989 decision revoking his parole. "To comply with [R.C. 2725.04(D)], an inmate must attach all pertinent papers that caused his commitment, including * * * parole-revocation decisions." *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, ¶ 6, citing *State ex rel. Finfrock v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 639, 640 (1998). *See Dykes v. Miller*, 7th Dist. Belmont No. 12 BE 1, 2012-Ohio-2473, ¶ 11 ("Since Dykes is asking to be released from prison, the parole records * * * are necessary to determine whether Dykes is entitled to habeas relief and immediate release from confinement."). Because Hall failed to attach copies of all of his pertinent commitment papers to his petition, his petition was fatally defective. Accordingly, the trial court did not err by dismissing his petition.

{¶11} Furthermore, even if Hall had attached copies of all of his relevant commitment papers, the trial court would not have erred by dismissing his petition for a writ of habeas corpus because he did not comply with R.C. 2969.25(A). R.C. 2969.25(A) provides:

> At the time that an inmate commences a civil action or appeal against
>
> a government entity or employee, the inmate shall file with the court

an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

(1)    A brief description of the nature of the civil action or appeal;

(2)    The case name, case number, and the court in which the civil action or appeal was brought;

(3)    The name of each party to the civil action or appeal;

(4)    The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

""""The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal."""" *State ex rel. Perotti v. Clipper*, 151 Ohio St.3d 132, 2017-Ohio-8134, ¶ 3, quoting *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, ¶ 1, quoting *State ex rel. White*

*v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, ¶ 5. "R.C. 2969.25(A) * * * [does not] permit substantial compliance." *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. Franklin No. 01AP-1380, 2002 WL 523000, *3 (Apr. 9, 2002).

{¶12} Here, Hall attempted to comply with R.C. 2969.25(A) by attaching a document to his petition disclosing that he had previously filed a complaint in the Tenth District Court of Appeals requesting a writ of mandamus. (Doc. No. 1, Petitioner's Ex. CC). *See State ex rel. Hall v. Imbrogno*, 10th Dist. Franklin No. 16AP-754, 2018-Ohio-929. However, Hall failed to disclose that he had filed an earlier complaint in the Tenth District Court of Appeals requesting a writ of mandamus. *See State ex rel. Hall v. Mohr*, 10th Dist. Franklin No. 13AP-588, 2013-Ohio-5779. Hall filed this earlier request for a writ of mandamus on July 9, 2013, which was within the five years preceding the filing of his petition in this case on April 4, 2018. *See id.* at ¶ 8. Furthermore, Hall failed to disclose that he unsuccessfully appealed the Tenth District's dismissal of his request for a writ of mandamus to the Supreme Court of Ohio. *See State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735. Therefore, because Hall failed to strictly comply with R.C. 2969.25(A), his petition for a writ of habeas corpus was subject to dismissal. Accordingly, the trial court did not err by dismissing Hall's petition.

{¶13} Hall's assignment of error is overruled.

{¶14} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**