DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Lewis Leroy McIntyre, Jr., has appealed from the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Appellee, Summit County Sheriff Drew Alexander. This Court affirms.
 I {¶ 2} In 1991, Appellant was found guilty of aggravated burglary and felonious assault, each with a firearm specification. Appellant was sentenced to a mandatory three years incarceration for each firearm specification. Additionally, he was given an indeterminate sentence of eight to fifteen years for the felonious assault and eight to twenty-five years for the aggravated burglary. The trial court ordered that each of these sentences be served consecutively. Thereafter, Appellant has been incarcerated in the Mansfield Correctional Institution in Richland County.
 {¶ 3} On March 29, 2004, Appellant filed a petition for a writ of habeas corpus. In his petition, Appellant alleged numerous errors in the sentencing portion of his trial. On April 21, 2004, Appellee filed a motion for summary judgment alleging that the trial court did not have jurisdiction over Appellant's petition. The trial court agreed and granted Appellee's motion for summary judgment on June 6, 2004. Appellant has timely appealed, raising five assignments of error.
 II Assignment of Error Number One
"The trial court prejudicial erred in denying petitioner's writ of habeas corpus petition based on lack of territorial jurisdiction of the court (sic)."
 {¶ 4} Appellant has argued that the trial court erred in granting summary judgment in favor of Appellee. Specifically, Appellant has asserted that Summit County did have jurisdiction to hear his petition due to the fact that he was in the temporary custody of Summit County when he filed his petition. This Court disagrees.
 {¶ 5} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948, 107 S.Ct. 433,93 L.Ed.2d 383. This standard is equally applicable in habeas corpus actions. See State ex rel. Mike v. Warden, 11th Dist. No. 2002-T-0153, 2003-Ohio-2237.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of Court of Appeals of Ohio, Ninth Judicial District offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 8} R.C. 2725.03 provides as follows:
"If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void."
At the time of the filing of Appellant's petition, he was in the custody of Summit County. Appellant was transferred to the Summit County jail on March 25, 2004, as a result of an order entered by the Summit County Court of Common Pleas, Juvenile Division. Appellant was returned to the Mansfield Correctional Institution on April 5, 2004. During this short period, Appellant filed his petition and has argued that said temporary detention gave Summit County jurisdiction to hear his petition. This Court disagrees.
 {¶ 9} No court in Ohio has dealt with the specific issue raised by Appellant. However, it is clear that in order to proceed, Appellant must file his petition in the proper forum pursuant to R.C. 2725.03. See State ex rel. Kirklin v. OhioDept. of Rehab. Corr., 11th Dist. No. 2001-P-0141, 2003-Ohio-1392. This Court finds that a habeas petition must be filed in the county in which the petitioner alleges he is being illegally detained. In the instant matter, Appellant was sentenced by the trial court to a period of incarceration in Mansfield Correctional Institution in Richland County. Appellant has not alleged that he was illegally detained for his twelve days in Summit County. Rather, he was in Summit County pursuant to valid court order. Appellant's petition indicates that he believes he is being illegally detained in the Mansfield Correctional Institution based upon his original sentence. As such, the proper forum for Appellant's petition is in Richland County.
 {¶ 10} Therefore, reasonable minds could only conclude that the Summit County Court of Common Pleas lacked jurisdiction to rule on Appellant's petition. Accordingly, Appellant's first assignment of error is not well taken. Assignment of Error Number Two
"That where a judge exceeded their jurisdiction and authority in signing a judgment and sentencing journal entry over a proceedings to which they did not preside over is usurpation and void where there is no indication of the presiding judge unavailability (sic)."
 Assignment of Error Number Three
"Where specifications must be modified to the facts alleged in the indictment. submission on separate pages for separate signatures is recommended, and the jury shall attached their names thereto the verdict form independently to the specifications (sic)."
 Assignment of Error Number Four
"Petitioner cannot be charged by indictment of one offense and found guilty of another offense not charged in the indictment and is not a lesser included offense charged againts him."
 Assignment of Error Number Five
"It is well established law that a court speaks by and through its journal entries and not by mere minutes or oral pronouncements."
 {¶ 11} In his final four assignments of error, Appellant has argued the validity of the merits of his habeas petition. Based upon this Court's determination that Appellant filed his petition in a county which lacked jurisdiction, his remaining assignments of error are moot and we decline to address them. See App.R. 12(A)(1)(c).
 III {¶ 12} Appellant's first assignment of error is overruled and his remaining assignments of error are moot and therefore not addressed. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J., Concur.