[Cite as *State v. Bradley*, 2016-Ohio-3245.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA3721 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| LARRY WAYNE BRADLEY, | : | |
| Defendant-Appellant. | : | RELEASED 6/1/2016 |

APPEARANCES:

Larry Wayne Bradley, Chillicothe, Ohio, *pro se* appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

Hoover, J.

{¶1} Defendant-appellant, Larry Wayne Bradley ("Bradley"), appeals from a Scioto County Common Pleas Court judgment that denied his petition to discharge. While characterized as a petition to discharge, the filing is actually a petition for habeas corpus relief. Because the habeas corpus petition was filed in a county other than where Bradley is incarcerated, the trial court lacked jurisdiction to consider the petition. R.C. 2725.03; *Brown v. Hall*, 123 Ohio St.3d 381, 2009-Ohio-5592, 916 N.E.2d 807, ¶ 1. Consequently, we also lack jurisdiction to address the merits of the appeal; and we must dismiss it.

**I. Facts and Procedural History**

{¶2} In December 2009, Bradley was indicted by the Scioto County Grand Jury on charges of Aggravated Robbery, Robbery, Conspiracy to Commit Aggravated Robbery and/or

Robbery, Kidnapping (two counts), and Tampering with Evidence. The indictment included a firearm specification and a vehicle forfeiture specification. Eventually, the State dismissed the Conspiracy charge, and Bradley pleaded not guilty to all counts of the indictment. However, on January 5, 2010, Bradley changed his plea, and entered a plea of guilty to the Aggravated Robbery charge and forfeiture specification. The remaining counts of the indictment were dismissed. Bradley was ultimately sentenced to serve nine years in prison, with three of those years being mandatory. The sentencing entry, filed on January 6, 2010, indicates that "[t]his [was] an agreed sentence pursuant to Ohio Revised Code Section 2953.08(D)."

{¶3}    Bradley did not file a direct appeal of his conviction and sentence. However, in the six plus years since his guilty plea and imposition of sentence, Bradley has caused a deluge of post-conviction motions and other documents to be filed with the trial court. His most recent filings include, inter alia, a motion for judicial release filed on December 12, 2014, and a *pro se* petition to discharge filed on September 17, 2015. The trial court denied the motion for judicial release on April 8, 2015. Bradley appealed the denial of his motion for judicial release to this Court; and we dismissed his appeal for lack of jurisdiction concluding that a trial court's denial of a motion for judicial release is not a final appealable order. *See State v. Bradley*, 4th Dist. Scioto No. 15CA3698 (Decision and Judgment Entry filed on August 18, 2015). Meanwhile, the trial court denied the petition to discharge by entry filed October 23, 2015. It is from the denial of his petition to discharge that Bradley filed his current notice of appeal.

## II. Assignment of Error

{¶4}    Bradley assigns the following error for our review:

First Assignment of Error:

THE TRIAL COURT ERRED BY NOT ALLOWING THE INTRODUCTION OF TWINS "LARRY WAYNE BRADLEY" AND LARRY W. BRADLEY IDENTIFICATION TO QUESTION AND RESOLVE THE ISSUE OF THE POLICE ARRESTING THE WRONG MAN ABOUT THE SUBSTANCE OF A ROBBERY IN VIOLATION OF THE OHIO CONSTITUTION PROTECTIONS OF DUE PROCESS OF LAW, FUNDAMENTAL FAIRNESS, COMPULSORY PROCESS, CONFRONTATION, EQUAL PROTECTIONS, AND THE RIGHT TO A COMPLETE DEFENSE.

### III. Law and Analysis

{¶5}     Bradley's *pro se* petition to discharge, the subject of this appeal, is admittedly hard to decipher. Nonetheless, and despite its characterization, it appears that Bradley's petition is actually a petition seeking habeas corpus relief. We reach this determination because Bradley's petition seeks his "immediate release" from the Ross Correctional Institution and because he alleges his liberty is being unlawfully and unconstitutionally restrained. Although he is not named as a party-respondent in the case caption, the petition to discharge names "Mr. Mark Hooks, Warden of Ross Correctional Institution", as "the officer by whom the defendant-petitioner is so confined and restrained." The fact that Bradley's petition was verified and supported by an attached sworn affidavit further supports our conclusion that the petition is actually a petition for habeas corpus relief.

{¶6}     On appeal, Bradley contends that his now deceased twin brother, named Larry W. Bradley, was the actual perpetrator of the crimes. He argues that his identity has been mistaken and that his petition should have been granted because his conviction is unlawful due to insufficient evidence, and because he was denied effective assistance of counsel throughout the

pre-trial process.[1] However, we need not address the merits of Bradley's arguments, because neither the trial court nor this Court has jurisdiction over the petition for habeas corpus relief.

{¶7}    R.C. 2725.03 states that, when a prisoner is incarcerated in a state correctional institution, only a court or judge in the county in which that institution is located has jurisdiction to issue or determine a writ of habeas corpus. "Based upon this statutory provision, * * * the county in which a prisoner was convicted can only be the proper venue for his subsequent habeas corpus action when he is also incarcerated in a state prison located within that county." *Jordan v. State*, 11th Dist. Trumbull No. 2004-T-0041, 2004-Ohio-5634, ¶ 6. In other words, a habeas corpus action can only be maintained in the county where the petitioner is incarcerated. *Id.*; *see also Brown, supra*; Goudlock *v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 17; *Sevayega v. Bobby*, 7th Dist. Mahoning No. 03MA48, 2003-Ohio-6395, ¶ 4; *Rockwell v. Geauga Cty. Court of Common Pleas*, 11th Dist. Geauga No. 2005-G-2661, 2005-Ohio-5762, ¶ 5; *State ex rel. Durham v. Wilson*, 8th Dist. Cuyahoga No. 85928, 2005-Ohio-757, ¶ 1; *State ex rel. McIntyre v. Alexander*, 9th Dist. Summit No. 22234, 2005-Ohio-160, ¶ 9. "[If] the inmate fails to bring the case in the proper county, the case must be dismissed because the court lacks jurisdiction to go forward on the matter." *Rockwell* at ¶ 5. Moreover, even though the petition reached the same district court of appeals it would have had it been filed in the correct county, we still lack jurisdiction to determine the merits of the petition on appeal. *Brown* at ¶ 1.

{¶8}    Here, Bradley's petition alleged that he is being held in the Ross Correctional Institution in Ross County (Chillicothe), Ohio. Since that prison is not located in Scioto County, the trial court did not have jurisdiction to rule upon the merits of his claim and to grant the type of relief he requested. Likewise, this Court also lacks jurisdiction; and even though the petition

---

[1] A good portion of Bradley's appellate brief also concerns the trial court's denial of his motion for judicial release. However, as stated above, we have already determined that we lack jurisdiction to address those concerns. *See State v. Bradley*, 4th Dist. Scioto No. 15CA3698.

would ultimately reach this Court whether filed in Ross County or Scioto County, the statute explicitly directs that Bradley must file in Ross County. We therefore lack jurisdiction to address the merits of Bradley's appeal and must dismiss it.

## IV. Conclusion

{¶9}    Because we lack jurisdiction to address the merits of this appeal, we dismiss it.

APPEAL DISMISSED.

## JUDGMENT ENTRY

It is ordered that the APPEAL IS DISMISSED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J., and McFarland, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
         Marie Hoover, Judge




## NOTICE TO COUNSEL


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**