[Cite as *Bradley v. Hooks*, 2017-Ohio-4105.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| LARRY WAYNE BRADLEY, | : | |
| | : | Case No. 16CA3576 |
| Petitioner-Appellant, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| MARK HOOKS, WARDEN, | : | |
| | : | |
| Respondent-Appellee. | : | **Released: 05/26/17** |

_____

APPEARANCES:

Larry Wayne Bradley, Chillicothe, Ohio, Pro Se Appellant.

Michael DeWine, Attorney General of Ohio, and Stephanie Watson, Principal Assistant Attorney General of Ohio, Columbus, Ohio, for Appellee.

_____

McFarland, J.

{¶1} This is an appeal from a Ross County Court of Common Pleas judgment entry granting Appellee, Mark Hooks, Warden's, motion to dismiss Appellant, Larry Wayne Bradley's, petition for habeas corpus. On appeal, Appellant challenges the trial court's grant of Appellee's Civ.R. 12(B)(6) motion to dismiss and thus the denial of his petition. Because Appellant's petition for habeas corpus fails on both procedural and substantive grounds, we cannot conclude that the trial court erred in granting Appellee's Civ.R. 12(B)(6) motion for dismissal for failure to state a claim.

As such, the arguments raised by Appellant on appeal are without merit.

Accordingly, the judgment of the trial court is affirmed.

FACTS

{¶2} On June 27, 2016, Appellant, Larry Wayne Bradley, filed a petition for a writ of habeas corpus in the Ross County Court of Common Pleas alleging that he was being illegally confined and restrained by Mark Hooks, Warden of the Ross Correctional Institution, in connection with convictions and sentences entered by the Jackson County Court of Common Pleas and the Scioto County Court of Common Pleas. He further alleged in his petition that his imprisonment and detention was without legal authority as his plea agreements which resulted in his convictions were not within the subject matter jurisdictions of either court. He argued he was entitled to immediate release as a result. Although Appellant attached a sworn affidavit verifying the truth of the statement contained in his petition, he failed to attach copies of his commitment papers from the Jackson and Scioto County Courts.[1] Thus, we have very limited information regarding Appellant's procedural history and the convictions of which he is complaining.

{¶3} Because the information accompanying Appellant's petition is severely lacking, we take judicial notice of the information provided on the

---

[1] He also failed to attach an affidavit describing each civil action or appeal filed within the previous five years. He likewise failed to attach a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months.

Ohio Department of Corrections webpage, which indicates that Appellant is currently incarcerated for a first degree felony aggravated robbery conviction that occurred in Scioto County, as well as a fourth degree felony receiving stolen property conviction that occurred in Jackson County, and that his scheduled date of release from prison is not until November 25, 2018.[2]  We further take judicial notice of a prior decision issued by this Court with respect to a previous petition for habeas corpus filed by Appellant in the Scioto County Court of Common Pleas, which set forth the facts regarding Appellant's Scioto county conviction and incarceration history as follows:

> "In December 2009, Bradley was indicted by the Scioto County Grand Jury on charges of Aggravated Robbery, Robbery, Conspiracy to Commit Aggravated Robbery and/or Robbery, Kidnapping (two counts), and Tampering with Evidence. The indictment included a firearm specification and a vehicle forfeiture specification. Eventually, the State dismissed the Conspiracy charge, and Bradley pleaded not guilty to all counts of the indictment. However, on January 5, 2010, Bradley changed his plea, and entered a plea of guilty to the Aggravated Robbery charge and forfeiture specification. The remaining counts of the indictment were dismissed. Bradley was ultimately sentenced to serve nine years in prison, with three of those years being mandatory. The sentencing entry, filed on January 6, 2010, indicates that '[t]his [was] an agreed sentence pursuant to Ohio Revised Code Section 2953.08(D).'

---

[2] Both trial courts and appellate courts can take judicial notice of filings readily accessible from a court's website. *State v. Wright*, 4th Dist. Scioto Nos. 15CA3705, 15CA3706, 2016-Ohio-7795, FN. 3; citing *In re Helfrich*, 5th Dist. Licking No. 13CA20, 2014-Ohio-1933, ¶ 35; *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 974 N.E.2d 516, ¶ 8, 10 (court can take judicial notice of judicial opinions and public records accessible from the internet).

> Bradley did not file a direct appeal of his conviction and sentence. However, in the six plus years since his guilty plea and imposition of sentence, Bradley has caused a deluge of post-conviction motions and other documents to be filed with the trial court. His most recent filings include, inter alia, a motion for judicial release filed on December 12, 2014, and a pro se petition to discharge filed on September 17, 2015. The trial court denied the motion for judicial release on April 8, 2015. Bradley appealed the denial of his motion for judicial release to this Court; and we dismissed his appeal for lack of jurisdiction concluding that a trial court's denial of a motion for judicial release is not a final appealable order. *See State v. Bradley*, 4th Dist. Scioto No. 15CA3698 (Decision and Judgment Entry filed on August 18, 2015)." *State v. Bradley*, 4th Dist. Scioto No. 15CA3721, 2016-Ohio-3245, ¶ 2-3.

In that decision, we construed Appellant's petition for discharge as a petition for habeas corpus and dismissed it for lack of jurisdiction, based upon the fact that the petition was filed in a county other than where Appellant was incarcerated. *Id.* at ¶ 1; citing R.C. 2725.03; *Brown v. Hall*, 123 Ohio St.3d 381, 2009-Ohio-5592, 916 N.E.2d 807, ¶ 1. However, before doing so, we noted that Appellant argued "that his now deceased twin brother, named Larry W. Bradley, was the actual perpetrator of the crimes." *Id*. at ¶ 6. We further noted Appellant's argument "that his identity has been mistaken and that his petition should have been granted because his conviction is unlawful due to insufficient evidence, and because he was denied effective assistance of counsel throughout the pre-trial process." *Id.*

{¶4} A review of Appellant's filings in the Ross County Court of Common Pleas and now on appeal indicates Appellant filed the underlying petition for habeas corpus in Ross County in response to our decision that the Scioto County Court of Common Pleas did not have jurisdiction to consider his petition, as he was incarcerated in Ross County. In response, Appellee, Warden Mark Hooks, filed a motion to dismiss Appellant's petition, citing procedural as well as substantive deficiencies, and noting Appellant's maximum sentence had not yet expired. Appellant filed a pro se response to Appellee's motion to dismiss, expanding his arguments to include a reference to a twin brother who he claims was actually the individual who committed the crimes to which Appellant was convicted and sentenced. Appellant also filed a separate pleading entitled "Plaintiff's Pro Se Motion to Dismiss Indictment," which again made allegations regarding his twin brother, as well as ineffective assistance of counsel and corruption by Scioto County government officials.

{¶5} On October 17, 2016, the Ross County Court of Common Pleas granted Appellee's motion to dismiss, thereby dismissing Appellant's petition for habeas corpus. The trial court cited Appellant's failure to attach his commitment papers, as well as the fact that his maximum sentence had not expired in support of its decision, and in doing so rejected Appellant's

assertion that the Scioto County Court of Common Pleas lacked subject matter jurisdiction over the underlying matter. With respect to Appellant's remaining pro se motion to dismiss indictment, finding it had no jurisdiction to dismiss a Scioto County indictment not properly before it, the trial court denied Appellant's motion to dismiss. It is from this decision and entry Appellant now brings his appeal, setting forth the following assignments of error for our review.

ASSIGNMENTS OF ERROR

{¶6} Appellant's brief is difficult, at best, to decipher. However, it appears Appellant sets forth the following "Proposition of Law #1" as an assignment of error:

> "THE TRAIL COURTS ERRED BY NOT ALLOWING THE
> INTRODUCTION OF LARRY W BRADLEY THE
> INTRODUCTION TO QUESTION AND RESOLVES THE
> ISSUES OF AND ABOUT POLICE ARRESTING THE
> WRONG PERSON AS TO LARRY W. BRADLEY ABOUT
> CASE#09-CR-0170 OUT OF JACKSON OHIO COURT OF
> COMMON PLEAS.OR CASE # 09CR1174 OF A ROBBERY IN
> VIOLATION OF THE OHIO REVISED CODE AND THE
> FEDERAL AND OHIO CONSTITUTION PROTCTION OF DUE
> PROCESS OF LAW AND FUNDMENTALS FAIRNESS EQUAL
> PROTECTION OF THE RIGHTS TO {A} COMPLETE DEFENSE
> AT A PRETRAIL OR TRAIL ON EACH CASE #S." [SIC]

Appellant's brief contains another section entitled "Designation Setting For Assignment Errors To Re= 16-CI-297= Now Appeal# 16-CA-003576" which appears to list additional assignments of error. They are as follows:

"1. IM NOT LARRY W. BRADLEY.
2  THAT A DIED PERSON NAME.
3  THAT A DIED PERSON SIGNER ON EACH CASE # 09 CR 0170 AND 09 CR 1174 TO = # 619-185 PRISON #.
4  THE 4TH APPEALS JUDGE TOLD ME =LARRY WAYNE BRADLEY TO GO TO ROSS COUNTY COURTS FOR THIS CASE #16-CI-297 THAT NOW = 16-CA003576 ON APPEAL. BECAUSE OF THE TRUE FACTS IS THE OFFICER MR. MARK HOOKS IS BY WHOM LARRY WAYNE BRADLEY IS BEANING RESTRAINED AND CONFINED BY.
5  I'M A LIVING PERSON AND NOT THE PERSON THAT BEEN DIED OVER 5YRS NOW BY LAW
6  LARRY W BRADLEY DIED IN THE YEAR 2011 NOVBER, 13
7  I LARRY WAYNE BRADLEY HAVE THE RIGHTS TO RULE 44A.
8  HOW CAN A DIED PERSON BE STILL IN ROSS PRISON IF HE DIED OVER 5 YR. AGO ITS 2016 YRS."  [SIC]

## LEGAL ANALYSIS

{¶7} As set forth above, the purported assignments of error raised by Appellant are difficult to decipher.  The arguments contained in Appellant's brief are not only difficult to decipher, but they are somewhat unintelligible. However, taking Appellant's brief as a whole, in conjunction with a review of his original petition for habeas corpus filed in the trial court, it appears Appellant believes he is entitled to immediate release from prison based upon his claims that the Jackson and Scioto County trial courts did not have subject matter jurisdiction over his criminal cases.  He also seems to allege that he had a twin brother, "Larry W. Bradley," who is allegedly now deceased, who Appellant claims is the person actually guilty of the crimes

for which he was convicted and for which he is now currently imprisoned. Appellant repeatedly refers to himself as "Larry Wayne Bradley" as opposed to "Larry W. Bradley," which he claims was his now deceased twin brother's name. That being said, we construe Appellants' arguments as a general challenge to the trial court's decision granting Appellee's motion to dismiss Appellant's petition for habeas corpus.

## MOTION TO DISMISS

{¶8} "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers–Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. In order for a court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought. *Ohio Bur. Of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12; *Rose v. Cochran*, 4th Dist. Ross No. 11CA3243, 2012-Ohio-1729, ¶ 10. When a trial court considers a Civ.R. 12(B)(6) motion to dismiss, it must review only the complaint, accepting all factual allegations contained in the complaint as true and making all reasonable inferences in favor of the nonmoving party. *State ex rel. Talwar v. State Med. Bd. of Ohio*,

104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶ 5; *Perez v. Cleveland*, 66 Ohio St.3d 397, 399, 613 N.E.2d 199 (1993); *Estate of Sherman v. Millhon*, 104 Ohio App.3d 614, 617, 662 N.E.2d 1098 (10th Dist.1995). Furthermore, the trial court "cannot rely on evidence or allegations outside the complaint to determine a Civ.R. 12(B)(6) motion." *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997).

{¶9} This same standard applies in cases involving claims for extraordinary relief, including habeas corpus. *Boles v. Knab*, 130 Ohio St.3d 339, 2011-Ohio-5049, 958 N.E.2d 554, ¶ 2 ("Dismissal under Civ.R. 12(B)(6) for failure to state a claim was warranted because after all factual allegations of Boles's petition were presumed to be true and all reasonable inferences therefrom were made in his favor, it appeared beyond doubt that he was not entitled to the requested extraordinary relief in habeas corpus"). "Appellate courts review de novo a dismissal for the failure to state a claim." *Hammond v. Perry*, 4th Dist. Hocking No. 12CA27, 2013-Ohio-3683, ¶ 11; citing *Allen v. Bryan*, 4th Dist. Hocking No. 12CA15, 2013-Ohio-1917, ¶ 7; *Bartley v. Hearth & Care of Greenfield, L.L.C.*, 4th Dist. Highland No. 12CA13, 2013-Ohio-279, ¶ 11. "In other words, an appellate court affords no deference to a trial court's decision and, instead, applies its own,

independent review to determine if the Civ.R. 12(B)(6) requirements were satisfied." *Hammond* at ¶ 11; citing *McDill v. Sunbridge Care Ents., Inc.*, 4th Dist. Pickaway No. 12CA8, 2013-Ohio-1618. ¶ 10; *Estep v. State*, 4th Dist. Ross No. 09CA3088, 2009-Ohio-4349, ¶ 5.

## HABEAS CORPUS

{¶10} Habeas corpus petitions are governed by R.C. 2725. They are available to a person who is "unlawfully restrained of his liberty * * * to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. An individual may petition for a writ of habeas corpus if his maximum sentence has expired and he is being held unlawfully. *State v. Wilburn*, 4th Dist. Lawrence No. 98CA47, 1999 WL 1281507 (Dec. 22, 1999); *Frazier v. Strickrath*, 42 Ohio App.3d 114, 115-116, 536 N.E.2d 1193 (4th Dist.1988).

{¶11} A habeas corpus petition must conform to certain statutory requirements. It must be signed and verified, and it must specify: (A) that the petitioner is imprisoned or restrained of his liberty; (B) the name of the person restraining the petitioner, if known; (C) the place the petitioner is imprisoned or restrained, if known; and (D) it must include a copy of the commitment papers, if the commitment papers can be obtained without impairing the efficiency of the remedy. R.C. 2725.04. A petitioner's failure

to attach all pertinent commitment papers renders the petition fatally defective. *See Tucker v. McAninch*, 82 Ohio St.3d 423, 696 N.E.2d 595 (affirming this court's dismissal of a habeas corpus petition where petitioner did not attach all the relevant commitment papers); *Workman v. Shiplevy*, 80 Ohio St.3d 174, 685 N.E.2d 231; *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).  Because Appellant failed to include a copy of his commitment papers, his habeas corpus petition is fatally flawed and must be dismissed.

{¶12} Additionally, the failure to comply with the provisions of R.C. 2969.25 requires the dismissal of the action. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982. R.C. 2969.25(A)(1)-(4) requires that an inmate who files a civil action or appeal against a government entity or employee must file an affidavit that contains a description of each civil action or appeal the inmate has filed in the previous five years.  This Court is aware Appellant has filed at least one prior habeas corpus action, as evidenced by our decision in *State v. Bradley, supra,* as referenced above; however, Appellant has not filed such an affidavit.  As a result, his petition is procedurally defective on this ground as well and must be dismissed. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 493, 2006-

Ohio-1507, 844 N.E.2d 842; *Nedea v. Cook*, 4th Dist. Hocking No. 15CA12, 2015-Ohio-3668, ¶ 10.

{¶13} R.C. 2969.25(C)(1) further requires inmates who file civil actions or appeals against a government entity or employee, and who seek waivers of the prepayment of the full filing fees assessed by the court, shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees as well as an affidavit of indigency. *Washington v. Morgan*, 4th Dist. Scioto No. 14CA3664, 2014-Ohio-5834, ¶ 9. These affidavits must include a statement that sets forth the balance in the inmate's account for each of the preceding six months, and must be certified by the institutional cashier. *Id.*; citing *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389 (court of appeals did not err in dismissing inmate's petition for a writ of habeas corpus because inmate must include a statement setting forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier); *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830; *State ex rel. Thacker v. Evans*, 4th Dist. Gallia No. 05CA4, 2005-Ohio-933. Here, Appellant filed an affidavit of indigency averring he was without sufficient funds to pay the required costs and fees of the habeas action; however, he did not file a certified

statement setting forth a six month history of his inmate account.  This failure also constitutes sufficient reason to deny the petition for habeas corpus. *State v. Pinkney*, 8th Dist. Cuyahoga No. 104845, 2016-Ohio-7619, ¶ 4.

{¶14} In addition to the procedural defects, Appellant's petition must be dismissed on substantive grounds.  First, to the extent he claims that he was wrongly convicted instead of his twin brother in both Jackson and Scioto Common Pleas courts, or that his convictions were supported by insufficient evidence, these claims could have been raised on direct appeal. Because he had an adequate remedy at law, habeas corpus is not an available remedy. *Lynch v. Wilson*, 114 Ohio St.3d 118, 119, 2007-Ohio-3254, 868 N.E.2d 982, 983, ¶¶ 5-6 (2007)("Lynch's claim that there was insufficient evidence to support his conviction and sentence for engaging in a pattern of corrupt activity is not cognizable in habeas corpus.").  "[H]abeas corpus is not available to remedy claims concerning * * * the sufficiency of the evidence." *State ex rel. Tarr v. Williams*, 112 Ohio St.3d 51, 2006-Ohio-6368, 857 N.E.2d 1225, ¶ 4. *See also Caudill v. Brigano*, 100 Ohio St.3d 37, 2003–Ohio–4777, 795 N.E.2d 674, ¶ 3 (applying general rule to habeas corpus petition challenging convictions and sentence for several crimes, including engaging in a pattern of corrupt activity).  Further, because it

appears from the record that Appellant actually pleaded guilty to the charges against him in both Jackson and Scioto counties, he stipulated to the sufficiency of the evidence that it was he, not his twin brother, who committed the crimes. Thus, Appellant's petition must be dismissed because he is not entitled to seek the extraordinary remedy of a writ of habeas corpus to address what he claims is essentially an insufficiency of evidence to support the trial court's finding of guilt on the charges at issue.

{¶15} Second, Appellant seems to argue, although not clearly, that the trial courts in Jackson and Scioto counties were without subject-matter jurisdiction over him and these matters. Aside from stating such in his underlying petition Appellant makes no real argument as to why he believes these trial courts lacked subject-matter jurisdiction. He further argues he is entitled to immediate release from prison. As stated previously, Appellant has failed to file his commitment papers, which is a requirement when pursuing a habeas corpus action. Thus, we have a limited picture of Appellant's procedural history. However, taking judicial notice of a prior decision by this Court, as well as the Ohio Department of Corrections webpage, it appears that Appellant is currently incarcerated for a first degree felony aggravated robbery conviction that occurred in Scioto County, as well as a fourth degree felony receiving stolen property conviction that occurred

in Jackson County.  According to the Ohio Department of Corrections webpage, Appellant's scheduled date of release from prison is not until November 25, 2018.  "It is well established that a prisoner has no constitutional or statutory right to be conditionally released from prison prior to the expiration of his sentence." *Johnson v. Robinson*, 4th Dist. Ross No. 14CA3460, 2016-Ohio-3366, ¶ 25; citing *Corrin v. Huffman*, 4th Dist. Scioto No. 00CA2700, 2000 WL 1234068, *4 (Aug. 25, 2000).

{¶16} Likewise, " '[i]t is well-established that a common pleas court has original jurisdiction in felony cases and its jurisdiction in invoked by the return of an indictment.' " *State v. Bradford*, 4th Dist. Ross No. 08CA3053, 2009-Ohio-1864, ¶ 18; quoting *State v. Hillman*, 10th Dist. Franklin Nos. 06AP-1230, 07AP-728, 2008-Ohio-2341, ¶ 41; citing *Click v. Eckle*, 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962); *see also* R.C. 2931.03.  There is simply no credible evidence in the record to suggest that Appellant was not the actual defendant named in the indictments, or for that matter, the actual defendant who pleaded guilty to the charges at issue.  As such, because Appellant was the individual named in the indictments, he was subject to the jurisdiction of both the Jackson and Scioto County Courts of Common Pleas.

{¶17} Thus, because Appellant's petition for habeas corpus failed on both procedural and substantive grounds, we find no merit to the arguments

raised on appeal and we further conclude the trial court did not err in granting Appellee's motion to dismiss the petition.  Accordingly, the trial court's judgment is affirmed.

**JUDGMENT AFFIRMED**.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court,

BY:  _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**