[Cite as *Small v. Collins*, 2021-Ohio-301.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

MYKEL SMALL,                          :
                                      :
    Petitioner-Appellant,             :        Case No. 20CA1
                                      :
vs.                                   :
                                      :        DECISION AND
MS. COLLINS, WARDEN,                  :        JUDGMENT ENTRY
                                      :
    Respondent-Appellee.              :

_____

APPEARANCES:

Mykel Small, Orient, Ohio, Appellant, pro se.

Dave Yost, Ohio Attorney General, and William H. Lamb, Assistant Attorney General, Cincinnati, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} This is an appeal from a Pickaway County Common Pleas Court judgment dismissing Appellant, Mykel Small's, petition for a writ of habeas corpus. Although Small's appellate brief contains a "Law and Argument" section, it fails to assign a specific error for our review. Because we conclude Small's petition below, as well as his current appeal, both fail on procedural grounds as a result of his failure to comply with the filing requirements of R.C. 2969.25(A), we must dismiss the appeal for lack of jurisdiction. Moreover, as further discussed below, Small's petition is barred by res judicata in light of the fact that it is a

successive petition. Accordingly, we do not reach the merits of Small's arguments

and the appeal is dismissed.

## FACTS AND PROCEDURAL HISTORY

{¶2} Smith's petition below and current appeal appear to stem from an

underlying conviction and sentence for aggravated possession of drugs from 2014

in Franklin County, Ohio. Because Appellant has not provided this Court with the

entire criminal record of this case, including the underlying criminal record from

his conviction in the Franklin County Court of Common Pleas, we take judicial

notice of the facts of this matter as set forth in his first, direct appeal, as follows:

> In 2011 and 2012, Franklin County Grand Juries issued four
> separate indictments against appellant. On July 29, 2014, the
> same trial court judge sentenced appellant after he entered guilty
> pleas to offenses in each of the cases.
>
> In case No. 14AP-659, appellant pled guilty to one count of
> attempted failure to appear in violation of R.C. 2937.99. The
> trial court found appellant guilty and sentenced him to a prison
> term of 12 months to be served concurrently with all of the other
> cases.
>
> In case No. 14AP-661, appellant pled guilty to one count of
> aggravated possession of drugs in violation of R.C. 2925.11. The
> trial court found appellant guilty and sentenced him to a prison
> term of eight years. The trial court ordered that term to be served
> concurrently with the sentence imposed in case Nos. 14AP-663
> and 14AP-659, but consecutively to the prison terms imposed in
> case No. 14AP-660.
>
> In case No. 14AP-660, appellant pled guilty to counts of
> vehicular assault in violation of R.C. 2903.08, failure to stop after
> an accident in violation of R.C. 4549.02, and operating a vehicle

while under the influence of alcohol or drugs ("OVI") in violation of R.C. 4511.19. The trial court found appellant guilty and sentenced him to prison terms of 12 months for the vehicular assault charge, 12 months for the failure to stop after an accident charge, and 180 days for the OVI charge. The trial court ordered that the OVI sentence be served concurrently with the sentence in case No. 14AP-659, but consecutively with the two other sentences in this case as well as the sentence in case No. 14AP-661.

In case No. 14AP-663, appellant pled guilty to one count of attempted identity fraud in violation of R.C. 2913.49. The trial court found appellant guilty and sentenced him to jail for 180 days, which was suspended for time already served.

*State v. Small*, 10th Dist. Franklin Nos. 14AP-659, 14AP-663, 14AP-660, 14AP-661, 2015-Ohio-3640, ¶ 2-6.

{¶3} Thus, Small's aggravated possession of drugs conviction was the subject of one of four different cases handled by the Franklin County Court of Common Pleas. Further, although the four cases were apparently consolidated for purposes of appeal, it appears that the cases were all separate at the trial court level and that separate sentencing hearings were held on each case.

{¶4} Small's direct appeal to the Tenth District Court of Appeals resulted in a partial remand for the issuance of a nunc pro tunc entry that incorporated the consecutive sentence findings, and for a resentencing on the OVI case. *State v. Small* at ¶ 34, 44. However, Small's conviction and sentence on aggravated possession of drugs was affirmed in all other respects. *Id.* at ¶ 54. Subsequently,

Small filed the underlying petition for a writ of habeas corpus in the Pickaway County Court of Common Pleas.

{¶5} Small included several attachments to his petition in the trial court, including a "corrected amended judgment entry" related to his aggravated possession of drugs conviction, an affidavit of indigence, an inmate cashier statement, an "affidavit of verity," and an affidavit of prior civil actions. The affidavit of prior civil actions identified the filing of a prior petition for a writ of habeas corpus in the Supreme Court of Ohio on June 12, 2017. Small's petition filed below primarily claimed a constructive amendment to his aggravated possession of drugs indictment resulted in him being convicted and sentenced for an offense which he was not indicted for, and that the Franklin County Court of Common Pleas and the Tenth District Court of Appeals lacked subject matter jurisdiction over his case as a result.

{¶6} More specifically, Small argued that although he was originally indicted on two different counts of aggravated possession of oxycodone in bulk amounts, the trial court constructively amended the charges by referencing that count one involved 30 mg. pills and count two involved 15 mg. pills. He argued that this constructive amendment changed the "drug type," which is an essential element of the crime that cannot be changed without changing the identity of the crime charged. He also claimed that this constructive amendment resulted in him

being charged with two separate offenses to the extent that that his sentences would have merged as allied offenses of similar import when considered simply in the context of "bulk amount," but would not have merged when described in terms of different milligram doses.[1]

{¶7} The trial court ultimately dismissed Appellant's petition for failure to state a claim, finding that it was substantively deficient. The court found that Small's prison sentence had not expired and that he had not established that the Franklin County Court of Common Pleas lacked jurisdiction to convict him. The trial court also specifically found that "[c]hanging the amount specified from a bulk amount to a specific milligram amount does not constitute a change of a material element." Small now appeals from the trial court's dismissal of his petition; however, he has failed to set forth any specific assignments of error for our review.

Standard of Review

{¶8} As set forth above, the State moved to dismiss Appellant's petition below for failure to state a claim and the trial court granted the State's motion and dismissed the petition. "A motion to dismiss for failure to state a claim upon

---

[1] We note, however, that the record indicates Small entered into a plea agreement with the State whereby he agreed to plead guilty to the first count of aggravated possession of drugs contained in the indictment, which was a first-degree felony, in exchange for the dismissal of the second count of aggravated possession of drugs contained in the indictment, which was a third-degree felony. Further, according to the transcript of the plea hearing, which was attached as an exhibit to Small's petition, the following description of the drugs at issue was read into the record as the basis for Small's guilty plea: "A search recovered 1,405 oxycodone 30-milligram pills, 50 pills of oxycodone, 15 milligrams * * *."

which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. In order for a court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought. *See Ohio Bur. Of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12; *Rose v. Cochran*, 4th Dist. Ross No. 11CA3243, 2012-Ohio-1729, ¶ 10. When a trial court considers a Civ.R. 12(B)(6) motion to dismiss, it must review only the complaint, accepting all factual allegations contained in the complaint as true and making all reasonable inferences in favor of the nonmoving party. *See State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶ 5; *Perez v. Cleveland*, 66 Ohio St.3d 397, 399, 613 N.E.2d 199 (1993); *Estate of Sherman v. Millhon*, 104 Ohio App.3d 614, 617, 662 N.E.2d 1098 (10th Dist.1995). Furthermore, the trial court "cannot rely on evidence or allegations outside the complaint to determine a Civ.R. 12(B)(6) motion." *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997).

{¶9} This same standard applies in cases involving claims for extraordinary relief, including habeas corpus. *Boles v. Knab*, 130 Ohio St.3d 339, 2011-Ohio-

5049, 958 N.E.2d 554, ¶ 2 ("Dismissal under Civ.R. 12(B)(6) for failure to state a claim was warranted because after all factual allegations of Boles's petition were presumed to be true and all reasonable inferences therefrom were made in his favor, it appeared beyond doubt that he was not entitled to the requested extraordinary relief in habeas corpus"). "Appellate courts review de novo a dismissal for the failure to state a claim." *Hammond v. Perry*, 4th Dist. Hocking No. 12CA27, 2013-Ohio-3683, ¶ 11, citing *Allen v. Bryan*, 4th Dist. Hocking No. 12CA15, 2013-Ohio-1917, ¶ 7; *Barley v. Hearth & Care of Greenfield, L.L.C.*, 4th Dist. Highland No. 12CA13, 2013-Ohio-279, ¶ 11. "In other words, an appellate court affords no deference to a trial court's decision and, instead, applies its own, independent review to determine if the Civ.R. 12(B)(6) requirements were satisfied." *Hammond* at ¶ 11, citing *McDill v. Sunbridge Care Ents., Inc.*, 4th Dist. Pickaway No. 12CA8, 2013-Ohio-1618, ¶ 10; *Estep v. State*, 4th Dist. Ross No. 09CA3088, 2009-Ohio-4349, ¶ 5.

Habeas Corpus

{¶10} Habeas corpus petitions are governed by R.C. 2725. They are available to a person who is "unlawfully restrained of his liberty * * * to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. "An individual may petition for a writ of habeas corpus if his maximum sentence has expired and he is being held unlawfully." *Nedea v. Cook*, 4th Dist. Hocking No.

15CA12, 2015-Ohio-3668, ¶ 8, citing *State v. Wilburn*, 4th Dist. Lawrence No. 98CA47, 1999 WL 1281507 (Dec. 22, 1999) and *Frazier v. Strickrath*, 42 Ohio App.3d 114, 115-116, 536 N.E.2d 1193 (4th Dist.1988); *see also Bradley v. Hooks*, 4th Dist. Ross No. 16CA3576, 2017-Ohio-4105, ¶ 10.

{¶11} As set forth in R.C. 2725.04, a habeas corpus petition must conform to certain statutory requirements.  It must be signed and verified, and it must specify: (A) that the petitioner is imprisoned or restrained of his liberty; (B) the name of the person restraining the petitioner, if known; (C) the place the petitioner is imprisoned or restrained, if known; and (D) it must include a copy of the commitment papers, if the commitment papers can be obtained without impairing the efficiency of the remedy.  A petitioner's failure to attach all pertinent commitment papers renders the petition fatally defective.  *See Tucker v. McAninch*, 82 Ohio St.3d 423, 696 N.E.2d 595 (1998) (affirming this court's dismissal of a habeas corpus petition where petitioner did not attach all the relevant commitment papers); *Workman v. Shiplevy*, 80 Ohio St.3d 174, 685 N.E.2d 231 (1997); *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

Legal Analysis

{¶12} "App.R. 16(A)(3) and (4) require an appellant's brief to set forth an assignment of error and a statement of the issues." *Redmond v. Wade*, 4th Dist. Lawrence No. 16CA16, 2017-Ohio-2877, fn. 1, citing Painter and Pollis, Ohio Appellate Practice (2016 Ed.), Section 5:13 (explaining that the " 'statement of issues' should identify these key issues separately for each assignment of error"). " '[T]he assignments of error are purely for the purpose of pinpointing the source of the alleged error.' " *Id.*, quoting Painter and Pollis, Section 5:13. " 'The "Assignments of Error" should designate specific rulings which the appellant challenges on appeal. They may dispute the final judgment itself or other procedural events in the trial court." ' " *Redmond* at fn. 1, quoting *N. Coast Cookies, Inc. v. Sweet Temptations, Inc.*, 16 Ohio App.3d 342, 343, 476 N.E.2d 388 (8th Dist.1984). *Accord Davis v. Byers Volvo*, 4th Dist. Pike No. 11CA817, 2012-Ohio-882, 1, citing Painter and Dennis, Ohio Appellate Practice (2007 Ed.), Section 1.45. Small's brief, however, contains no assignments of error.

{¶13} Appellant's failure to comply with the Appellate Rules allows us to disregard the assignment of error or to dismiss the appeal. *Hart v. Hudson*, 4th Dist. Pickaway No. 10CA19, 2010-Ohio-5954, ¶ 11; *Salisbury v. Smouse*, 4th Dist. Pike No. 05CA737, 2005-Ohio-5733, ¶ 11-12 (noting that an appellate court has "discretion to dismiss an appeal for a party's failure to comply with the Appellate

Rules"). "However, 'it is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits.' " *Salisbury* at ¶ 12, quoting *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192, 431 N.E.2d 644 (1982), citing *Cobb v. Cobb*, 62 Ohio St.2d 124, 403 N.E.2d 991 (1980). As set forth above, however, in light of the fatal procedural deficiencies both at the trial court level and on appeal, we do not reach the merits of Small's arguments on appeal. Thus, we need not attempt to construct an assignment of error where one does not exist.

{¶14} The record before us indicates that the trial court considered the merits of Small's petition, noting in its decision that the petition was "substantively deficient." However, after our review, we conclude the petition was procedurally deficient as well and should have been dismissed on procedural grounds. As set forth above, Small was required to attach all of his relevant commitment papers to his petition. Although Small attached the sentencing entry for his aggravated possession of drugs conviction, he did not attach any commitment papers for his other convictions. For this reason alone, his petition was fatally flawed. *Pence v. Bunting*, 143 Ohio St.3d 532, 2015-Ohio-2026, 40 N.E.3d 1058, ¶ 6 (upholding the dismissal of a petition for a writ of habeas corpus based upon the failure to attach all commitment papers, in violation of R.C. 2725.04(D). In *Pence*, the Supreme Court of Ohio held that "[s]uch a failure is fatal to a petition for habeas corpus." (Citation omitted.) *Id.* The Court rejected Pence's argument that the commitment

papers for his other convictions " 'had absolutely nothing to do' with his current cause of detention," reasoning that "all commitment papers are necessary for a complete understanding of the petition." *Id.* at ¶ 7. Furthermore, despite the fact that we do not reach the merits of Small's petition, it should be noted with respect to his subject matter jurisdiction argument that:

> " 'Where a petitioner is incarcerated for several crimes, the fact that the sentencing court may have lacked jurisdiction to sentence him on one of the crimes does not warrant his release in habeas corpus.' " *Haynes v. Voorhies*, 110 Ohio St.3d 243, 2006-Ohio-4355, 852 N.E.2d 1198, ¶ 7, quoting *Marshall v. Lazaroff*, 77 Ohio St.3d 443, 444, 674 N.E.2d 1378 (1997), quoting *Swiger v. Seidner*, 74 Ohio St.3d 685, 687, 660 N.E.2d 1214 (1996).

*Id.* at ¶ 7.

{¶15} Here, it is clear from Small's aggravated possession of drugs corrected and amended sentencing entry that his prison sentence was ordered to run consecutive to other prison sentences imposed in other cases. According to the Ohio Department of Rehabilitations and Corrections website, of which we are permitted to take judicial notice, Small is currently incarcerated for three additional crimes and his stated prison term does not expire until April 27, 2021. *Bradley v. Hooks*, 4th Dist. Ross No. 16CA3576, 2017-Ohio-4105, fn. 2 (noting that courts can take judicial notice of public records available on the internet). As explained in *Pence*, his other sentences are "clearly pertinent to his entitlement to a writ of habeas corpus, and the lack of those commitment papers is fatal." *Id.* at ¶ 8. This

is because, as appropriately noted by the trial court, "an inmate is not usually eligible for habeas relief until his maximum sentence has expired." *Id.* at ¶ 9, citing *Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St.3d 344, 346, 626 N.E.2d 939 (1994). Because Small's maximum sentence does not expire until April 27, 2021, he cannot demonstrate that he is entitled to immediate release from prison.

{¶16} Additionally, a failure to comply with the provisions of R.C. 2969.25 requires the dismissal of an action in habeas corpus. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982. R.C. 2969.25(A)(1)-(4) requires that an inmate who files a civil action *or appeal* against a government entity or employee must file an affidavit that contains a description of each civil action or appeal the inmate has filed in the previous five years. A review of the record indicates Appellant met this requirement below with the initial filing of his petition at the trial court level. According to the plain language of the statute, he was required to file another affidavit along with his appeal to this Court, however, he did not. As a result, his current appeal is procedurally defective and must be dismissed. *See Robinson v. Miller*, 148 Ohio St.3d 429, 2016-Ohio-7828, 71 N.E.3d 255, ¶ 7 ("The requirements of R.C. 2969.25 are ' "mandatory, and failure to comply with them subjects an inmate's action to dismissal." ' "), quoting *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378, ¶ 1, in turn quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634,

¶ 5; *see also* Billman v. Smith, 4th Dist. Pickaway No. 19CA18, 2020-Ohio-1358,

¶ 3.

{¶17} Moreover, of importance, Small's affidavit attached to his petition for

habeas corpus that was filed in the trial court indicated he filed a petition for

habeas corpus in the Supreme Court of Ohio on June 12, 2017.  The doctrine of res

judicata generally states as follows:

> [A] final judgment of conviction bars a convicted defendant
> who was represented by counsel from raising and litigating in
> any proceeding except an appeal from that judgment, any
> defense or any claimed lack of due process that was raised or
> could have been raised by the defendant at the trial, which
> resulted in that judgment of conviction, or on an appeal from
> that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, paragraph nine of

the syllabus (1967).

{¶18} This Court has observed that the Supreme Court of Ohio has

previously "recognized that habeas corpus actions are typically exempt from

res judicata because ' "[c]onventional notions of finality of litigation have no

place where life or liberty is at stake." ' " *Lloyd v. Robinson*, 4th Dist. Ross

No. 14CA3462, 2015-Ohio-1331, ¶ 12-13, quoting *Natl. Amusements, Inc. v.*

*Springdale*, 53 Ohio St.3d 60, 63, 558 N.E.2d 1178 (1990), in turn quoting

*Sanders v. United States*, 373 U.S. 1, 8, 83 S.Ct. 1068, 10 L.Ed.2d 148

(1963); *see also Patterson v. Bracy*, 2019-Ohio-747, 132 N.E.3d 1115, ¶ 21

("Under Ohio law, habeas corpus proceedings are exempt from res judicata."). Importantly, however, in *Lloyd v. Robinson* we noted that the doctrine of res judicata does apply in habeas proceedings to bar the filing of successive petitions for habeas corpus. *Lloyd* at ¶ 13. Here, in addition to being procedurally deficient both below and on appeal, the doctrine of res judicata applies to bar the filing of Small's second petition for habeas corpus, which constitutes a successive petition.

{¶19} Finally, as referenced above, this Court could not review the merits of Small's arguments even if we were so inclined because he has not provided us with the trial court record related to his Franklin County conviction. And once again, regardless of the procedural deficiencies and res judicata bar, Appellant is not entitled to extraordinary relief because his maximum sentence has not expired. As set forth above, an individual may only petition for a writ of habeas corpus if his maximum sentence has expired and he is being held unlawfully. *Nedea v. Cook*, *supra*, at ¶ 8 and *Bradley v. Hooks*, *supra*, at ¶ 10. Small cannot demonstrate that his maximum sentence has expired.

{¶20} Thus, to summarize, because Appellant's petition failed on procedural grounds below and was also barred by res judicata, we cannot conclude the trial court erred in dismissing his petition. Furthermore, because Small's appeal to this

Court fails on procedural grounds, it likewise must be dismissed.  Accordingly, the

present appeal is hereby dismissed.

**APPEAL DISMISSED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Petitioner-Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. and Wilkin, J. concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**